## In the matter of the Road in NORRITON and WHITPAIN Townships.

It is a fatal error in proceedings to lay out and open a road that the breadth is not directed by a special order of the court. A general order, applying to all cases not otherwise provided for, is insufficient.

A report of viewers, that they have laid out a road for public use, is a sufficient compliance with the order to state whether it is deemed necessary for a public or private road. Per Gibson, C. J.

The adoption of a report of re-reviewers is a waiver of a report of viewers, though exceptions thereto are still pending. Ib.

CERTIORARI to the Quarter Sessions of Montgomery county.

Dec. 28. On the application of certain inhabitants, viewers were appointed to view, &c. On the 19th May, 1845, the viewers reported they had viewed, laid out, and returned for .public use the following road, &c. On the 22d, exceptions were filed, and a rule, to show cause why the report should not be set aside, granted. On the 18th August, on a petition, reviewers were appointed, who reported adversely.

On the 24th November, on a petition, re-reviewers were appointed, whose report of the road, laid out for public use, was confirmed.

There was no order in any part of the proceedings directing the breadth of the road.

G. R. Fox, for the exceptants.—The report does not state whether it was deemed necessary for public use. [GIBSON, C. J.—There is sufficient in the report as to that.] The breadth of the road is not directed by any order, though there is a general order as to breadth, unless a specific order is made.

The court erred in awarding a re-review while exceptions were

pending to the former report. [GIBSON, C. J.—That was waived by the adoption of the last proceedings.]

*Hobart*, contrà, was confined to the question, whether the name of the township was omitted in the proceedings. From the record, it seemed the error assigned on this head was a mistake in point of fact.

*Jan.* 6. COULTER, J., (after stating the reports and the fact that no order as to the breadth of the road appeared on the record.)— The fourth section of the act of 13th June, 1836, is in the following words, to wit: "If the court shall approve of the report of the viewers, allowing a road, they shall direct of what breadth the road so approved shall be opened, and at the next court thereafter the whole proceedings shall be entered on record, and thenceforth such road shall be taken, deemed and allowed to be a lawful public road or highway, or private road, as the case may be." It was stated in the argument, and I believe admitted, that there is a general order of the Court of Quarter Sessions of Montgomery county, directing that all roads laid out and confirmed by that court, shall be opened of the breadth of thirty-three feet. But that is not a compliance with the act, admitting the fact to be so. The act directs that the whole proceedings shall be entered on record, and that from thenceforth the road shall be taken and deemed to be a public highway or a private road, as the case may be. The order of the court as to the breadth of the road being an essential part of the proceedings, and in this case not having been made, or entered of record with the proceedings, its omission cannot be supplied by verbal allegations or admissions. Moreover, the act requires that the order as to the breadth of the road shall be made at the time the court approve of the report of the viewers; and that the whole proceedings shall lie over until the next sessions. Thus giving all persons interested an opportunity of knowing what was done, by an examination of the proceedings in the proper office; so that they may take such ulterior measures as the statute authorizes, if they consider themselves aggrieved. Now, many persons may be satisfied with a road passing through their premises and farms, of the breadth of twenty-five or thirty feet, who would feel injured by one of the breadth of fifty feet, the extent to which a road may be opened in breadth under the provisions of the act of Assembly, if the court shall judge the affairs of public intercourse, travel, and transportation require one of that breadth. It is the duty of the court to exercise the discretion vested in them in each case that may come before them, because the law

enjoins it, and because a road in a remote and secluded district of country does not require to be opened of as great breadth as those in very populous sections of the country where the travel and transportation of commodities is great, although the value of the improvements and of the soil may not be unequal. Every locality has its own necessities for conveniences of this kind; and if one rule suited them all, that rule might as well have been fixed by the legislature itself as by the court. But there is good reason, at all events the clear and distinct provision of the statute is sufficient reason for us why the courts shall exercise the discretion vested in them by the law, and at the time fixed for its exercise. It imposes no burden on the court, and is useful to the citizen, and convenient and satisfactory to those through whose lands roads may be located. The case in 1 Barr, 356, of the road in Pitt township, is full up to the point that the court must direct of what breadth the road shall be opened at the time they approve the report. So also are the cases reported in 3 Wharton, 105, and 4 Watts & Serg. 40.

As the court made no order as to the breadth of the road located by the viewers, when they approved and confirmed the same, nor at the time they approved and confirmed the report of the re-reviewers, this road cannot be deemed and taken to be a lawful public highway, and the proceedings of the court are reversed on the eighth and ninth errors assigned. A number of other errors are assigned, but it is unnecessary to notice them.

~Proceedings of the Court of Quarter Sessions of Montgomery county reversed.