## Potts's Appeal.

Where the improvements on the line of a road are omitted to be noticed on the draft, the report may be referred by the Court of Quarter Sessions to the same viewers for correction.

ERROR to the Common Pleas of *Montgomery county*.

This was a *certiorari* issued at the suit of George M. Potts and Margaret Knox, to the Quarter Sessions of the county of Montgomery, to remove the proceedings in the matter of a public road, leading from a point in the township-line road, dividing the townships of Norriton and Whitpain, opposite George Wack's mill, to a point in the State road leading from Doylestown to Norristown, where the said township line crosses the same near Jonathan Ellis's.

Proceedings in relation to this proposed road had been for several years pending in the Quarter Sessions, when, in the year 1846, the court finally confirmed the road. An appeal was taken from the decree, and on January 6, 1847, the Supreme Court, on *certiorari, reversed* the proceedings. See 4 *Barr* 337.

On the 29th day of May, 1847, a petition was filed praying for the same road.

The petition did not refer to any previous proceedings, but was entirely *de novo*.

Objection was made to the appointment of viewers on this petition, founded upon the following rule of the Quarter Sessions:—

" Sec. 5. When a procedure for a road or bridge has failed, another application for such contemplated road or bridge shall not be acted upon for one year from the session at which such road or bridge was finally rejected."

ERROR 1.—The court decided that this case did not come within the rule, and on July 3, 1847, appointed viewers. See 10 *Barr* 195.

The viewers, on the 16th August, 1847, made a report, to which exceptions were filed; which, however, were not sustained by the court.

On 24th August, 1848, a petition was presented for a re-review. January 20, 1849, viewers were appointed. February 20, 1849, one of the viewers reported that he and two others of the viewers attended at the time fixed, but that two others did not attend, from indisposition, and one was absent. The court made the following order :—" The return upon the order shows that three of the jury were unable to attend the view, which is treated as a non-execution of the power, and therefore appoint another jury on this same petition.—February 20, 1849." The third error assigned was to this. May 21, 1849, the viewers made a report in favor of a road described in the report of the first view.

To this report it was excepted that *the draft did not show the im-*

[Potts's Appeal.]

*provements.* The court decided that it did, and, on September 3, 1849, dismissed the exceptions and confirmed the report.   October 26, 1849, the court made the following entry under the above order : —" The exceptions were dismissed, as above stated, on an error of the court in point of fact, as shown on inspection.   The court therefore recalls what was done, and orders a reargument of the exceptions."

April 13, 1850, the court made the following endorsement upon the report filed on May 21, 1849 :—" The court here adopts the suggestion of Justice BELL, and refers the report back to the jury for correction."   No order issued to the viewers, and no instructions were given to them; but the order. issued 20th February, 1849, with report of May 21, 1849, endorsed thereon, was taken from the records and handed to the viewers, who, on May 27, 1850, returned it to the court with a new report and draft annexed. The report was a copy of their former report upon the same order ; and the only change was *in the draft, upon which certain improvements were noted.*   Exceptions were filed to the action of the court last before referred to ; and on May 30, 1850, the court overruled the exceptions and confirmed the report.

Various errors were assigned, the third of which was, that the court appointed new viewers without necessity, and that they ought to have continued the order to the next term.   (This error referred to the action of the court on February 20, 1849.)

4th. That the court recommitted the report of May 21, 1849, to the viewers.   The omission to note the improvements was fatal, and the court ought to have set the report aside : 13 *Ser. & R.* 445 ; *id.* 83 ; 2 *Bin.* 250.

The fifth error assigned was, that the court gave no instructions to the viewers as to the duties they were to perform, nor in what respect their former report needed correction, and issued no order to them to meet again.

The sixth error is, that the court confirmed the report made May 27, 1850, overruling the exceptions thereto filed by Geo. M. Potts, May 30, 1850.

These exceptions embraced the matters above stated, and also the fact that G. M. Potts, one of the landholders, had no notice of and was not present at the meeting of the viewers to reconsider their report.

The court decided this to be unnecessary.

*G. R. Fox,* for appellant.

*J. H. Hobart,* for appellees.—As to error 3d : In consequence of the absence of some of the viewers from the State, and the continued illness of others, they were not able to make the report re-

quired by the order, nor was there any reason to believe that they would ever be able to do so. The court was, therefore, right in treating it as a non-execution of the power, and appointing other viewers.

As to error 4th: It may be remarked that the mere omission to note certain improvements on the draft was such an oversight as might be corrected by the viewers; and that the court was right in recommitting their report to them for that purpose. It was in strict accordance with the law, and a saving of time and expense to all parties interested.

As to error 5th: The duty of the viewers was fully set out in the order, and that was sufficient for their guidance.

As to error 6th: The only matter yet to be noticed under this assignment of error is, the allegation that George M. Potts had no notice of the meeting of the viewers to correct the report. He was present upon the ground when they viewed the route of the road. The correction made by them was merely to note certain improvements on their draft, which omission had been pointed out by him in his exception. They supplied the omission of which he complained, and he ought therefore to be satisfied.

The opinion of the court was delivered April 5, 1851, by

BELL, J.—The exceptions filed to the action of the court below are entirely destitute of merits, and we deem it necessary thus to notice them particularly, only to express our approbation of the course pursued in sending their report back to the viewers for correction in a point not touching the propriety of laying out the road in question. It was done in pursuance of a recommendation I ventured to suggest in the case of the Towamencin road: 10 *Barr* 195. That recommendation was founded in experience of the vexatious trouble, expense, and inconvenience to which parties were frequently put by the practice of setting aside reports of viewers, upon mere technical grounds, not in any degree touching the merits of the controversy. It frequently happened that, after years of struggle, accompanied by the bitterness of feeling too apt to accompany these discussions, a report of re-reviewers was set aside for some trifling omission of form, such as occurred in this instance,— neglect to note improvements on the draft,—and the parties left just where they had begun; and thus the strife was renewed, possibly again to end in the same way. Every one, with the least practical knowledge of this subject, must have felt this to be an evil, of which the case before us is a pregnant example. After running through the usual number of views and reports, and at the end of several years of inquiry, a road is laid out and approved by the court. It is brought here, and the whole proceeding reversed because the Quarter Sessions omitted to designate the width of the proposed road before directing it to be opened. The parties

who desire the road begin *de novo*, and after some years of further contest, and the regular routine where a road is contested, it is again recommended and approved.   And now its opponents would have us overturn all that has been done after so much delay, and, I doubt not, expense, for a slip of form, well corrected by the step taken by the Court of Quarter Sessions.   The whole matter was still within the power of that court when this step was taken, and there is no peculiarity in the case which calls for our interference.

Proceedings affirmed.