## Mead Township Road.

66     185
37SC   58

1. If a road report is filed at or before the term to which it is returnable and is ready to be taken up, but has to pass over to an adjourned court, a confirmation nisi then will not vitiate the proceedings.

2. If the adjournment leaves a reasonable time for exceptions before the following term, it is not against the requirement of the road law.

3. Ewing's Mill Road, 8 Casey 282, Ross Township Road, 12 Id. 87, Gibson's Mill Road, 1 Wright 255, distinguished.

October 19th 1870. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Certiorari to the Court of Quarter Sessions of *Crawford county*: No. 185, to October and November Term 1870.

On the 15th of April, 1869, D. W. Canfield petitioned for a private road from a public road leading from Meadville, &c., "to run from the canal bridge, &c., to lands of the petitioner." On the same day an order was issued to three viewers. They reported that they commenced at a line of petitioner's land, and ran by various courses and distances "to towing-path of the French Creek feeder, and up said towing-path to canal bridge near the residence of D. P. Smith." They reported that a private road was "necessary to furnish access to the owner, D. W. Canfield, to a lot isolated from his other property, and from any other public highway except French creek. The viewers further report that in their opinion this route, being mostly on the bank of French

[Mead Township Road.]

creek, will do less injury to private property than by any other direction, and recommend that the road be opened 25 feet wide. No portion of the road will require grading except at the canal bridge, its terminus."

The report of the viewers was filed June 11th 1869.

"July 9th 1869, report confirmed nisi and ordered to be opened, 25 feet wide.

"July 27th 1869, exceptions filed.

"December 11th 1869, exceptions dismissed and report confirmed finally."

D. P. Smith and other landholders removed the proceedings into the Supreme Court by certiorari.

*J. R. Kennedy* (with whom was *G. W. Hecker*), for certiorari, referred to the 4th and 11th sects. of Road Law of June 13th 1836, Pamph. L. 555, 556, Purd. 871, 872, pl. 4, 13 ; Smithfield Creek Bridge, 6 Whart. 363. A report made and confirmed at an adjourned court is irregular : Stauffer's Appeal, 1 Amer. L. Reg. 411 ; Chartier's Road, 12 Wright 314; Ewing's Mill Road, 8 Casey 282 ; Gibson's Mill Road, 1 Wright 256 ; Ross T. Road, 12 Casey 87.

*J. B. Brawley* (with whom were *J. B. Compton* and *J. N. Brooks*), contrà.

The opinion of the court was delivered, November 3d 1870, by
Agnew, J.—The chief question in this case, as to the time of the confirmation of the report of viewers, was decided here at last term in the "Road from Herrick's to Cussewago Bridge." We there held that when the report is filed in due time, to wit, at or before the term to which it is returnable, and is ready to be taken up by the court, but has to pass over to an adjourned court, the confirmation nisi then will not vitiate the proceedings. We are compelled to recognise the fact that the press of business in criminal and other cases in the Quarter Sessions often requires the road business to be laid over to an adjourned court. If the adjournment leave a reasonable time for exceptions before the following term, we cannot say that the requirement of the road law is disobeyed. The cases in 8 Casey 282, 12 Casey 87, and 1 Wright 255, are all instances of confirmations out of time at a subsequent term, with an order to reach back *nunc pro tunc* to the proper term. This is in violation of the act requiring the report to be returned at the next term, and after confirmation to lie over until the following term before it can be recorded. But in the present case the report came in in due time, and the only irregularity alleged is that the court did not confirm it nisi until an adjourned court. There being ample time intervening between

[Mead Township Road.]

the confirmation nisi and the following term, we cannot say there was error. To give the law such a rigid interpretation would cause a great many reports to fall, and add largely to the expense of road proceedings. The case before us is very different from that supposed by Justice Church in 8 Casey 284, to wit, confirmation on the last day of a term where the end of one term is the beginning of another, as in Allegheny county, and no time would intervene therefore between the confirmation and the following term for exceptions. That would be unreasonable, and against the intention of the legislature, which was to allow a reasonable time to make objections against the road.

The report as to the grading is substantially that none is necessary. The report evidently means that some filling or excavation only is necessary to get upon the bridge at the *terminus* of the road. This is not the grading meant in the act, and the viewers and the court must have been satisfied that the connection between the *terminus* of the road and the bridge could be conveniently made.

Proceedings affirmed with costs.