# ROAD IN HEMPFIELD TOWNSHIP.

CERTIORARI TO THE COURT OF QUARTER SESSIONS OF WEST-
MORELAND COUNTY.

Argued October 2, 1888—Decided October 22, 1888.

1. The authority of road-viewers is limited by the terms of the order
directed to them, and when they exceed their authority their report must
be set aside.
2. If a report in favor of a road is referred back to the viewers to report
upon damages and releases and to note improvements, it is error to con-
firm a supplementary report with a change in the location.
3. By § 4, act of June 13, 1836, P. L. 555, the width of the road must in
all cases be fixed by special action when the report is approved nisi;
if fixed and indorsed by the clerk under a general rule of court, it is
error.

Before GORDON, C. J., PAXSON, STERRETT, CLARK, WILL-
IAMS and HAND, JJ.; GREEN, J., absent.

No. 23 October Term 1888, Sup. Ct.; court below, No. 23
May Term 1886, Q. S.

On July 13, 1886, upon petition presented, viewers were
appointed to lay out a road in Hempfield township from a
point at or near the house of Moses Knappenberger, on the
road from Grapeville station to Grapeville town, to a point
near the barn of G. W. Crushore, on the road leading from
Grapeville station, past the tannery of said Crushore, to the
turnpike. The report of the viewers in favor of the proposed
road was filed on September 4, 1886, and on September 11th,
it was "approved by the court, eo die confirmed nisi, and road
ordered to be opened thirty-three feet wide."

On November 13, 1886, G. W. Crushore filed various excep-
tions to the confirmation of the report of the viewers, and on
the same day there was filed a petition for the appointment of
re-viewers, and re-viewers appointed, who on February 12,
1887, filed a report against the proposed road.

On April 18, 1887, other exceptions to the report of the
viewers were filed on behalf of Mr. Crushore, and on May 7,
1887, on hearing, the court, HUNTER, P. J., ordered that the

report of viewers be "referred back to the viewers to agree upon the damages sustained to parties by said road, and to mark upon the draft the improvements, and especially the barn and corn crib of G. W. Crushore, and report what releases you have procured from the landowners."

On June 27, 1887, the viewers filed a supplemental report, in favor of a location of the road differing in some particulars from the location as reported in their former report, and setting out certain releases obtained, the refusal of others sought for, and noting certain improvements along the line of route.

On September 3, 1887, Mr. Crushore filed exceptions to this supplementary report, averring inter alia : (1) That the improvements were not indicated as the law required ; (2) That under the order and reference no authority was given to view; (3) That the supplemental report returned a different road from that returned in the original report.[4]

On November 12, 1887, the court ordered : " And now, etc. the report of viewers, as amended, is confirmed, and the clerk is directed to make the proper entry of record, sec. reg." [2]

Thereupon the exceptant took this writ and assigned as error, inter alia :

2. The order of November 12, 1887, confirming the amended report.[2]

3. The failure to fix the width of the road in said order of confirmation.

4. The overruling of the third exception to the supplemental report.[4]

*Mr. Lucien W. Doty* (with him *Mr. Alex. Eicher*), for the plaintiff in error :

Cited, upon the duty to fix the width of the road : Road Case, 3 W. & S. 559 ; Pitt Tp. Road, 1 Pa. 356 ; Ewing's Mill Road, 32 Pa. 282 ; Norriton Road, 4 Pa. 337 ; Shaefferstown Road, 5 Pa. 515 ; Loretto Road, 29 Pa. 350.

*Mr. D. S. Atkinson* (with him *Mr. Vin. E. Williams* and *Mr. W. A. Griffith*), for the defendant in error :

Cited, as to power to refer back a report for the correction of errors, at any time before final confirmation : Hilltown Road, 18 Pa. 233 ; Beigh's Road, 23 Pa. 302 ; Springdale Tp. Road,

91 Pa. 260; or to note improvements: Potts's App., 15 Pa. 414; Towamencin Road, 10 Pa. 195. As to confirmation at a subsequent term, if delayed by exceptions: McConnell's Mill Road, 32 Pa. 285. As to fixing the width of the road: Loretto Road, 29 Pa. 350; Shamokin Road, 6 Binn. 36. As to power to amend as to location: McConnell's Mill Road, 32 Pa. 285; Herr's Mill Road, 14 S. & R. 204.

OPINION, MR. JUSTICE PAXSON:

In this case the learned judge below referred the report of the jurors back to them " to agree upon the damages sustained to parties by said road, and to mark upon the draft the improvements, and especially the barn and corn crib of George W. Crushore, and report what releases you have procured from the landowners." It is settled that a report may be sent back to the viewers, to note the improvements, or to correct errors or omissions: In re Road in Springdale Township, 91 Pa. 260; Boyer's Road, 37 Pa. 257; Potts's Appeal, 15 Pa. 414.

If the jurors in this case had confined themselves to what they were directed to do, there would have been no difficulty. They did not do so, however, but appear to have regarded the reference back to them as a roving commission. While they noted the improvements, they also, without any authority from the court, changed the location of the road, thus making it in part, at least, a new road. It is well settled that the authority of the viewers is limited by the terms of the order. The jurors having exceeded their authority in this instance, their report must be set aside.

I notice, also, that in the order of final confirmation the width of the road was not fixed. By the fourth section of the act of 1836, it is made the duty of the court, at the time they approve the report of viewers allowing a road, to direct of what width the same shall be opened: Pitt Township. Road, 1 Pa. 356; Road to Ewing's Mill, 32 Pa. 282. The special action of the court on the subject is necessary in every case. If it be fixed and indorsed by the clerk, under a general rule of court, it would be erroneous: Road in Norriton Township, 4 Pa. 337; Shaefferstown Road, 5 Pa. 515.

It was error to confirm the amended report, and to this extent:

The proceedings are reversed.