## Croyle Township Road.

*Road law—Breadth of road—Approval nisi nunc pro tunc—Practice, Q. S.*

The court of quarter sessions cannot fix the breadth of a public road and approve the report of viewers nisi as of a former term, and thus deprive interested persons of the right to file exceptions after the breadth has been fixed and approval nisi entered.

Argued May 4, 1908.  Appeal, No. 31, April T., 1908, from order of Q. S. Cambria Co., Sept. T., 1906, No. 2, In Matter of Road in Croyle Township and South Fork Borough.  Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.  Reversed.

Petition for road.
The facts are stated in the opinion of the Superior Court.

*Error assigned* was the order of the court.

*John M. Rose,* for appellant, cited: Mead Twp. Road, 66 Pa. 185; Lackawanna Twp. Road, 112 Pa. 212; Appeal of Central R. R. Co. of N. J., 102 Pa. 38.

*D. P. Weimer,* with him *Robert S. Murphy,* for appellees, cited: Barr Twp. Road, 29 Pa. Superior Ct. 203; Ross Twp. Road, 36 Pa. 87; Mead Twp. Road, 66 Pa. 185; McConnell's Mill Road, 32 Pa. 285; Road in Sterrett Twp., 114 Pa. 627; Charleston Road, 2 Grant, 467.

OPINION BY MORRISON, J., July 15, 1908:

The proceedings brought up for review on this appeal and certiorari were begun by petition filed in the court of quarter sessions at September Term, 1906. On September 3, 1906, viewers were appointed to lay out a road and report at next term. December 3, 1906, report of viewers filed, laying out a new road. March 1, 1907, exceptions filed. May 2, 1907, exceptions filed. And no order of court approving the report of viewers nisi and fixing the breadth of the road was filed till May 7, 1907, when the court filed an opinion and order overruling the exceptions and directing "that the formal action of the court be endorsed upon the report of viewers nunc pro tunc as of the proper date." This order was filed May 7, 1907, nunc pro tunc, as of January 22, 1907. We are unable to discover why the latter date was selected but that is not important, because the court had no power to make this nunc pro tunc order. The record also shows: "May 7, 1907 exceptions dismissed and report of viewers confirmed." This seems to be a final order from which an appeal will lie and, therefore, this appeal and certiorari at least brings up for review the record proper.

The Act of June 13, 1836, sec. 4, P. L. 551, provides that: "If the court shall approve of the report of the viewers, allowing a road they shall direct of what breadth the road so approved shall be opened and at the next court thereafter, the whole proceeding shall be entered on record, and thenceforth, such road shall be taken, deemed and allowed to be a lawful public road or highway, or private road, as the case may be."

The act of 1836 requires the breadth of the road to be fixed and the approval nisi to be made at one term and then remain in fieri till the next term, and open to exceptions, or to prayer for a review. The breadth of the road should in all cases be fixed at the term when the report of viewers is approved nisi: Road in Silver Lake, 3 W. & S. 559; Road from Bridgewater, 4 W. & S. 39; Road in Norriton & Whitpain, 4 Pa. 337; In re Shaefferstown Road, 5 Pa. 515; Charleston Road, 2 Grant, 467; Road to Ewing's Mill, 32 Pa. 282. Mead Township Road, 66 Pa. 185, cited by the court is in harmony

with the above cases, and so is Road in Ross Township, 36 Pa. 87.

The Charleston Road, 2 Grant, 467, would seem to be authority for the doctrine that if we reverse all proceedings subsequent to the filing of the report of viewers, December 3, 1906, and remit the record, the court can then at a regular term approve the report of viewers nisi, fix the breadth of the road and allow the proceedings to remain in fieri for exceptions till the next regular term. All of the cases hold that the court cannot fix the breadth and approve nisi, as of a former term and thus deprive interested persons of the right to file exceptions after the breadth has been fixed and approval nisi entered.

This record is manifestly erroneous after the date of the filing of the report of the viewers. If the parties who filed exceptions, before any order was made fixing the breadth of the road, can be said to have no cause of complaint, which we do not say, all other interested persons have the right to file exceptions after the breadth has been fixed by a proper order, during the period of time between one term and the next.

In re Road in Township of Lackawanna, 112 Pa. 212, it seems all proceedings subsequent to the filing of the report of the viewers might have been reversed and the lower court directed to proceed as in Charleston Road, 2 Grant, 467, which is the practice here contended for by counsel for appellee. But in the former case the Supreme Court distinctly refused to adopt the practice in the Charleston Road case, saying: "We have nothing remaining, therefore, but the report of the view, and as the width of the road, reported by the viewers, was not fixed by the court as required by law, the record is incurably defective. The order of June 17, 1883, fixing the width, nunc pro tunc, as we have already said cannot be sustained; the final decree of confirmation entered December 24, 1883, is therefore erroneous." In that case Charleston Road, 2 Grant, 467, was cited by counsel. See Derry Township Road, 11 Pa. Superior Ct. 232.

We feel bound by that case to reverse the entire proceedings of the quarter sessions and if the public necessity for this

road still exists, the matter should be proceeded with de novo.

The entire proceedings of the quarter sessions are therefore reversed and set aside.