# In re Road in Lathrop Township.

A decree confirming a report of re-re-viewers of a public road was in these words, "confirmed finally on payment of one-half of the damages awarded to Reese by the petitioners, within ten days from this date." *Held*, that this conditional confirmation was repugnant to the Acts of June 13th 1836 and February 24th 1845, since it put the record and effect of the decree in abeyance, until payment of the damages, an act necessarily done *in pais*, as the law makes no provision for payment into court as an equivalent to payment to the party.

March 14th 1877. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON WOODWARD and STERRETT, JJ.

Certiorari to the Quarter Sessions of *Susquehanna county :* Of July Term 1876, No. 137.

On the 12th of October 1874, certain inhabitants of Lathrop township presented a petition to the Quarter Sessions for a public road "to lead from Brooklyn and Lenox turnpike, near G. W. Reese's store, to a laid-out road near Truman Bell's."

Viewers were appointed whose report was confirmed *nisi.* A

[In re Road in Lathrop Township.]

re-view was granted, but the report thereon was set aside for informality and a re-re-view granted. The re-re-viewers reported in favor of the road and upon the question of damages said : " G. W. Reese will sustain damage to the amount of $200, and that Susquehanna county shall pay one-half and the petitioners or patrons of said depot shall pay the other half."

On the 13th of January 1876 this report was confirmed *nisi*, and on the 5th of June following, after argument, upon the exceptions and depositions, the court entered the following confirmation :—

" Confirmed finally on payment of one-half of the damages awarded to G. W. Reese by the petitioners, within ten days from date."

On the 19th of June an affidavit was filed showing $100 tendered to Reese on the 13th of June 1876.

Reese appealed, *inter alia*, assigning this confirmation for error.

*Littles & Blakeslee* and *Franklin Fraser*, for appellant.—By the provisions of the Act of 24th February 1845, Pamph. L. 52, extended to Susquehanna county by Act of 8th April 1846, Pamph. L. 261 : " It shall be the duty of the court to examine carefully the amount of damages assessed as aforesaid ; and if said court shall be satisfied that the amount of damages assessed in any case is such that the public interest will be subserved by its payment and the opening of the road, said court shall confirm such view or re-view and the assessment of damages, which shall be paid as now directed by law. But if said court shall not be satisfied, the said report shall not be confirmed, unless the same shall be paid first by the petitioners."

Confirmation was entered here *before* the damages were paid ; the act declares it shall not be *until after*. It was conditional, and if it bore date from the time when entered, was positively forbidden by the act. If it bore date on the 13th, when the money was tendered, it was a confirmation out of court. Nor could there be any division of the damages. Either the county or the petitioners must pay the whole amount assessed.

*J. B. & A. H. McCollum*, for petitioners.—If the order of confirmation does not otherwise direct, the county pays the damages assessed, after the road is opened. If the damages are charged upon the petitioners, payment must be made before the road is opened. In the last case the order to open cannot issue until proof is made to the satisfaction of the court that its decree respecting damages has been complied with. This interpretation of the Act of 1845, protects all parties in their rights under it, and renders its execution practicable.

Conditional confirmations may be granted by the Quarter Sessions : In re Wharton Street, 12 Wright 488.

[In re Road in Lathrop Township.]

The judgment of the Supreme Court was entered, March 26th 1877,

PER CURIAM.—The 4th section of the Act 13th June 1836 is in these words : " If the court shall approve of the report of viewers allowing a road they shall direct of what breadth the road so approved shall be opened. And at the next court, thereafter, the whole proceeding shall be entered on record, and thenceforth such road shall be taken, deemed and allowed to be a lawful public road, or highway, or private road, as the case may be." The injunction to declare the breadth, and then to let the report lie over a term is imperative, in order before final confirmation that there may be an opportunity to file objections, or petition for a re-view or a re-re-view. This provision, it will be seen, is directly inconsistent with the final order or decree in this case. The decree that confirmation shall depend on payment of the damages appends a condition inconsistent with the record and final effect given to the proceedings required by the Act of 1836. So it is also repugnant to the very words of the Act of 24th February 1845. The last clause of the fourth section expressly enacts : " But if said court shall not be satisfied (*i. e.* as to the damages), the said report shall not be confirmed, unless the same (the damages) shall be paid first by the petitioners." This is consistent with the Act of 1836, for if the court being satisfied confirms, or, the damages being first paid confirms, the proceeding can go upon record, and the road becomes, in the language of the act, *thenceforth* a public road. But the conditional confirmation suspends the effect, and puts the record and effect of the decree in abeyance, until payment of the damages, an act necessarily done *in pais*, as the law makes no provision for payment into court as an equivalent to payment to the party. The decree in this case makes the difficulty even more apparent. It was upon payment in ten days (it might have been thirty or sixty), and therefore running into vacation. Now what guide has the clerk for entering the whole proceedings upon record ? Is he to determine the fact of payment ? Suppose payment made in ten days, but no receipt produced, the legal effect prima facie is that the conditional confirmation has fallen. Then again supposing the report to be that of the first viewers, what effect is the suspension to have upon proceedings to re-view ? In every view of the case the conditional judgment is contrary to the operation of the Act of 1836, and to the express language of the Act of 1845. The decree is, therefore, illegal and invalid, and should be reversed, for if we give it the effect of a valid, but interlocutory decree, and quash the certiorari, we leave the decree in force, the very thing which we have seen is illegal and void of legal efficacy. We discover nothing in the other assignments of error that requires correction.

The final decree of the Court of Quarter Sessions is therefore reversed and set aside, and the record ordered to be remitted with a *procedendo.*