# In re Road in O'Hara Township.

1. Viewers were appointed to view, and if proper to lay out a public road. They filed a report, wherein the road was laid out between certain points, fixed the damages, and directed that they should be paid by the petitioners for the road. *Held*, that the viewers, had no authority to direct how, when, or by whom the damages should be paid, but that such imposition of damages was not necessarily fatal to the report, and might be treated as mere surplusage.

2. The court confirmed the report of the viewers, but made two orders, one directing that the order to open the road should not issue, until the damages were paid, and a subsequent one, that the order to open the road should issue at once, but that the road, should not be opened on the lands of persons, to whom damages had been awarded, until payment of these damages was made. *Held*, that this confirmation, and these orders, were erroneous.

3. A conditional order of confirmation is not a compliance with the Act of February 24th 1845.

October 7th 1878. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and TRUNKEY, JJ.

Certiorari to the Court of Quarter Sessions of *Allegheny county:* Of October and November Term 1877, No. 240.

On the 8th of May 1875, certain citizens and residents of O'Hara township filed a petition praying for a public road from the Sharpsburgh and Kittanning turnpike to the northern end of Maple street, on the line of the West Penn Railroad, in the borough of Sharpsburg. Viewers were appointed to view and locate the road as prayed for if it was thought proper. The report of the viewers laid out the road as prayed for, and concluded as follows:

"After endeavoring to procure releases from persons through whose property said road passes, we have assessed the following damages: to Henry L. Dingler, one hundred dollars; to Gotlieb Shrode, fifty dollars; to Mrs. Cabel, fifty dollars; to J. J. Robinson, fifty dollars, and to Anthony Fuchs, one hundred and fifty dollars, said damages to be paid by the petitioners."

This report was endorsed by the court as follows: "The within report returned and presented in open court, and thereupon the same is approved and ordered to be filed. The road, when opened, to be thirty-three feet wide."

Subsequently, some fifty citizens filed a remonstrance against the opening of the road, and exceptions to the report of the viewers, which the court at a later date overruled, and confirmed the report, but directed that the order to open the road should not issue until the damages were paid, as provided in the report.

On the 14th of July 1877, another petition was presented by thirteen citizens, reciting: "That it would be difficult and inconvenient for many of the petitioners for said road to pay said damages at present, as many of them are poor people and cannot spare the money necessary to do so. That a portion of said road can be

[In re Road in O'Hara Township.]

opened without disturbing the property of the persons to whom damages were awarded in said report of viewers." And therefore, praying "the court to make an order modifying said order of November 23d 1875, so as to allow an order for the opening of said road to be issued at once, and providing that said road shall not be opened upon the lands of any said persons to whom said damages have been awarded until said damages are paid as provided in said report."

The court endorsed this petition : "And now, July 21st 1877, the within petition presented in open court, and on due consideration thereof, the court grant the prayer of the petitioners, and do order and direct the order to open the said public road to be issued at once by the clerk, the said road, however, not to be opened on the land of parties to whom damages have been awarded by report of viewers, until said damages are paid to them, as provided in said report."

The exceptants and the township took this writ, assigning for error the overruling the exceptions to the report of viewers; the order of November 25th 1875, and the last order of July 21st 1877, above noted.

*John Barton*, for plaintiff in error.—The court had no right to attach a condition to the order confirming the report of viewers: In re Road in Lathrop Township, 1 Norris 126.

*S. A. Johnston*, for defendants in error.

Mr. Justice WOODWARD delivered the opinion of the court, October 21st 1878.

In directing the payment by the petitioners of the damages assessed and reported, the viewers exercised a power which the law had not conferred on them. The Act of the 17th of May 1874 made it the duty of all persons appointed in the several counties of the Commonwealth to view or review any public or private road or bridge, to endeavor to procure releases from all claims for damages likely to arise from opening the road or building the bridge, and to assess and report the amount of the damages where releases could not be obtained. This act was general, and applied to all highways, except those laid down on plans of municipal corporations, the opening of which was under the control of the municipal officers. But its object was only to require the procurement of releases and the ascertainment of damages by the same viewers who should lay out a road or locate a bridge. In other respects, local legislation relating to highways was left undisturbed. The concluding clause of the act provided that the assessment should be conclusive, or be subject to appeal, review or modification, according to existing laws in the different counties of the Commonwealth. In the county of Allegheny, the duty of road-viewers was defined by the third sec-

[In re Road in O'Hara Township.]

tion of the Act of the 24th of February 1845, in terms almost identical with those used in the Act of 1874. After assessing damages, the viewers were required to "make report thereof," and "return the same, together with all releases obtained, to the proper court." They were not authorized to direct how, when or by whom the damages should be paid. The mistake, however, was not necessarily fatal to the report. The imposition of damages upon the petitioners could have been treated as surplusage, and set aside.

There was more serious irregularity in the approval of the report endorsed the 8th of June 1875, and in the two orders of the court made on the 25th of November 1875, and the 21st of July 1877. By the first of these orders, the report was confirmed, but it was directed that the order to open should not be issued until the damages should be paid. By the second, it was directed that the order to open should be issued at once, but that the road should not be opened on the lands of persons to whom damages had been awarded until payment of those damages should be made. All this action was manifestly the result of haste and inadvertence. The fourth section of the Act of 1845 made it the duty of the court to examine carefully the amount of damages assessed, and to confirm the report if satisfied that the amount was such that the public interest would be subserved by its payment and the opening of the road. Upon confirmation, the damages were directed to be paid as provided by law. The section concluded with these words : "But if said court shall not be satisfied, the said report shall not be confirmed, unless the same (the damages) shall be paid first by the petitioners." A conditional order of confirmation was not a compliance with the statute. This was decided in 1877, in a case from Susquehanna county, to which the Act of 1845 was extended by the Act of the 8th of April 1846. There a report had been "confirmed finally on payment of one-half of the damages awarded to G. W. Reese, within ten days." It was held that the order was repugnant to the Act of the 13th of June 1836, and to the Act of 1845, since it put the record and effect of the decree in abeyance until payment of the damages, an act necessarily done *in pais*, as the law has made no provision for payment into court as an equivalent to payment to the party: In re Road in Lathrop Township, 1 Norris 126. The decrees made here were at least equally objectionable. Except under very peculiar circumstances, an attempt to open parts of a road under such an order as the last one would be impracticable. If dissatisfied with the award of damages, the court had simply to withhold confirmation until the petitioners should relieve the county by taking the burden on themselves.

The orders of the Court of Quarter Sessions made on the 8th of June 1875, the 25th of November 1875 and the 21st of July 1877, are reversed and set aside ; and it is ordered that the record be remitted for further proceedings in that court.