## Re Road in Leet Township.

It is error for the court to confirm the report of viewers to lay out a
public road without the payment of the damages assessed for opening it or
any provision for their payment.

A petition by one of the landowners to whom damages had been awarded,
presented subsequently to the taking of the writ of certiorari to review the
proceedings, asking that the damages be paid into court, does not operate
to validate the order of confirmation.

(Argued November 9, 1886. Decided January 3, 1887.)

October Term, 1886, No. 216, W. D., before GORDON, PAX-
SON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ. Certiorari
to the Quarter Sessions of Allegheny County to review proceed-
ings for the opening of a public road. Reversed.

On petition duly presented viewers were appointed to lay out
a public road. The viewers reported that they found the road
necessary and had located and marked it out. They assessed
damages in favor of certain landowners to be paid by petition-
ers. On petition of certain parties to whom damages had been
awarded reviewers were appointed who duly filed their report
stating that there was no necessity for the road.

Exceptions to both of these reports were filed. After the
hearing of arguments on such exceptions the court made the fol-
lowing order:

"The order of the court is, therefore, that the report of the re-
viewers be set aside and that the report of the viewers be con-
firmed."

The petitioners for the review took this writ, assigning errors,
*inter alia,* as follows:

5. The viewers having, in accordance with the power commit-
ted to them by a standing rule of court, assessed damages to be
paid by the petitioners for the road, the court erred in confirming
said report before said damages were paid by the petitioners, or
tendered and paid into court.

6. The court erred in making the following order: (quoting
the order as above given.)

Subsequent to the taking of the writ of certiorari, on petition

presented by one of the land owners to whom damages had been awarded the court granted a rule to show cause why such damages should not be paid into court.

*S. A. McClung* and *Thos. Patterson,* for plaintiffs in error.—
It was error for the court to confirm the report and issue the order for opening the road before the damages were paid, tendered, or brought into court. Act of February 24, 1845, § 4 (P. L. 52, Purd. 1520) ; *Re* Clowes's Private Road, 31 Pa. 12. In *Re* Road, 84 Pa. 126.

*Geo. H. Woods,* for defendants in error.—The court will not reverse for a mere technical error in the failure to pay the damages assessed, a petition pending asking leave to pay them into court. The community ought not to suffer for an alleged error, purely technical, caused mainly by the plaintiffs in error. Pott's Appeal, 15 Pa. 416.

OPINION BY MR. JUSTICE GREEN:
We see no reason for sustaining any of the assignments of error in this case except the fifth and sixth. Damages were assessed by the viewers in favor of certain landowners, and they further reported that in their opinion the damages ought to be paid by the petitioners. The final order of the court was simply that the report of the reviewers be set aside and the report of the viewers be confirmed. No provision was made for the payment of the damages.

This is in direct contradiction of the terms of the act of February 24, 1845, § 4, and of the express decisions of this court. *Re* Road, 84 Pa. 126 ; *Re* Road, 87 Pa. 356.

In point of fact the damages were not paid or tendered to the parties or paid into court, before the confirmation was entered nor before the order to open was issued. On the record, therefore, the status of the parties entitled to damages was that a final order of confirmation was made without the payment of the damages or any provision for their payment. The subsequent petition cannot operate to validate the order and we are under the necessity of reversing it.

The final order of the Court of Quarter Sessions is reversed and set aside, and it is ordered that the record be remitted for further proceedings in that court.