## Leet Township Road.   Black's Appeal.

*Road law—View and review—Act of Feb.* 23, 1870.

Under the general road laws of Pennsylvania a review is a matter of right, provided application for it is made at or before the next term of the court after the report of the viewers is filed.

Exceptions were filed to the report of road viewers, and an application for a review was made on Sept. 5, 1892, in due time.   Reviewers were appointed who reported at the next term on Dec. 10, 1892.   On April 14, 1893, the report of reviewers was set aside on the ground that one of them was a petitioner for the review.   On the same day the exceptions to the report of the viewers were overruled, and their report was confirmed absolutely.   On April 29th, leave was given to file a motion to set aside or reverse the order of April 14th, and in pursuance thereof on May 13th, a rule was granted to show cause why the order confirming the report of viewers should not be set aside and why other reviewers should not be appointed on the petition previously filed.   This rule was discharged by the quarter sessions on the ground that the petitioners were tardy in moving for it.   *Held*, to be error.

The petitioners for review were not in default prior to April 14th, since they were not responsible for the mistake of the court in the appointment of reviewers, nor entitled to have other reviewers appointed until the exceptions to the review were disposed of. They were not in default after April 14th, by delay of fifteen days, because the court should have vacated the old and made a new appointment of reviewers on the petition then before it.

The act of Feb. 23, 1870, P. L. 228, which authorizes the court in its discretion to "award an alias review or re-reviews," if a general act, is not applicable to such a case. That act, manifestly intended to apply to York county alone, only applies where there is a substantial or formal defect in the petition for a review or a re-review.

*Report of viewers—Draft—Improvements.*

If there is no reference to improvements in the report of viewers or in the draft, the presumption is that there are none. But this presumption is rebutted by the report of the viewers that they have noticed the improvements in the draft, and in such case the omission to note them is fatal.

A report of viewers did not describe the improvements on the land, but it stated that they attached to their report a plot or draft " showing course and distance of such road, and noticing briefly the improvements over which it passes." The draft failed to show any improvements. *Held,* that the defect was fatal.

The fact that on such a draft there were the names of the owners of the land and lines indicating the boundaries of their properties, was not sufficient. Mere boundary lines are not improvements, but fences erected upon them, and buildings, clearings, etc., upon the lands inclosed by them, are.

Argued Oct. 27, 1893. Appeal, No. 164, Oct. T., 1893, by Samuel W. Black, from order of Q. S. Allegheny Co., March T., 1892, No. 10, overruling exceptions to report of viewers, and refusing to appoint reviewers. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Exceptions to report of road jury and petition for review.

From the record it appeared that the petition was filed on May 12, 1892, and viewers were appointed on the same day. On June 11, 1892, the report of the viewers was confirmed nisi. On Sept. 3, 1892, Samuel W. Black, appellant, a property owner, filed among others the following exception to the viewers' report: " 1. Neither the report nor plot attached thereto notes the improvements through which the road passes."

On Sept. 5, 1892, a petition for a review was presented, and reviewers appointed. On Dec. 10, 1892, the report of review-

ers was filed and confirmed nisi.    On Feb. 23, 1893, an exception was filed to the report of reviewers, alleging that James B. Oliver, one of the reviewers appointed by the court, and who also served on said review, was the same James B. Oliver who signed the petition for a review of said road, which petition was filed Sept. 5, 1892, in the above proceedings, and he was therefore appointed a reviewer upon a petition signed by himself, and was therefore disqualified to act, being a party in interest.

On April 14, the exception to the report of reviewers was sustained, and the exceptions to the report of the viewers were overruled and the report of viewers was confirmed absolutely.

On April 29, 1893, leave was granted to file a motion for the setting aside or revoking the order of court made April 14, 1893.   On May 13, 1893, a rule was granted to show cause why so much of the order of court theretofore made confirming the report of viewers should not be set aside, and why other reviewers should not be appointed on the petition already filed, the report of said reviewers having been set aside on account of one of the reviewers having been a petitioner for said road. On June 3, 1893, this rule was discharged, in an opinion by WHITE, J.

*Errors assigned* were (1) in overruling exception to report of viewers, and (2) in discharging rule to set aside confirmation of report of viewers, and to appoint reviewers on petition already filed, quoting exception and rules.

*James R. Sterrett, James C. Doty* with him, for appellant, cited : Act of June 13, 1836, § 25, P. L. 555 ; O'Hara Township Road, 152 Pa. 319 ; Bean's Road, 35 Pa. 280 ; King's Road, 1 Dal. 11 ; Berlin Road, 3 Yeates, 263 ; Bachman's Road, 1 Watts, 400 ; Hellertown Road, 5 W. & S. 202 ; Strasburg Road, 2 Yeates, 55 ; Schuylkill Falls Road, 2 Bin. 250 ; Road in Carlisle, 2 R. 125 ; Second Street, Sunbury, 1 Northumb. Co. Leg. News, 115 ; North Union Township Road, 150 Pa. 512 ; Charleston Road, 2 Gr. 467.

*William Yost,* for appellees, cited : Hilltown Road, 18 Pa. 233 ; Allen Twp. Road, 18 Pa. 463 ; act of Feb. 23, 1870, P. L. 228 ; Bachman's Road, 1 Watts, 400 ; Bellevernon Road,

41 Leg. Int. 358 ; O'Hara Township Road, 152 Pa. 325 ; Sterrett Twp. Road, 114 Pa. 634 ; Beigh's Road, 23 Pa. 302.

OPINION BY MR. JUSTICE McCOLLUM, December 30, 1893 :

Under the general road laws of Pennsylvania a review is a matter of right, provided application for it is made at or before the next term of the court after the report of the viewers is filed.    In this case the report of the viewers was excepted to, the application for a review was in time and reviewers were appointed who reported at the next term.    On the 14th day of April, 1893, their report was set aside on the ground that one of them was a petitioner for the review, the exceptions to the report of viewers were overruled and their report was confirmed absolutely.    On the 29th of April leave was given to file a motion to set aside or reverse the order of the 14th, and, in pursuance thereof, on the 13th of May a rule was granted to show cause why the order confirming the report of viewers should not be set aside, and why other reviewers should not be appointed on the petition previously filed.    This rule was discharged by the learned judge of the quarter sessions on the ground that the petitioners were tardy in moving for it.    He seemed to think that they should have presented a new petition as soon as the report of the reviewers was excepted to, and that by their failure to so do until the exceptions were judicially passed upon they lost their right to a review.    In this conclusion there was error.    The petitioners were not responsible for the mistake of the court in the appointment of reviewers, nor entitled to have other reviewers appointed until the exceptions to the review were disposed of.    They were not therefore in default prior to the 14th of April.    Was there any such delay on their part after that date as deprived them of their statutory right to a review?    We think not.    When the report of the reviewers was set aside the court should have vacated the old and made a new appointment on the petition then before it.    That petition was sufficient in form and substance, and it did not cease to be an application for a review because the court failed to comply with the request of the petitioners to appoint proper persons as reviewers.    We are clearly of opinion that a delay of fifteen days before applying for leave to move to set aside the order of April 14th is not sufficient ground for

refusing to do what ought to have been done without further action on the part of the petitioners.

It is not contended that under the act of June 13, 1836, an illegal appointment of reviewers on a good petition constitutes a bar to the petitioner's right to a legal review, but it is suggested that the act of February 23, 1870, P. L. 228, which authorizes the court in its discretion to "award an alias review or re-review," is applicable to this case and fatal to their claim. We do not think so.   The act of 1870 was manifestly intended to apply to York county only, but it is not necessary now to inquire whether it is a local or general act, because by its terms it is limited to cases in which there is a substantial or formal defect " in a petition for a review or re-review of a road."   We have therefore a case in which the petitioners without fault on their part were denied their right to a legal review.   The mistake of the court hereinbefore referred to is no justification of or excuse for its order discharging the rule to show cause.

It is alleged that the report of the viewers was defective in that the improvements through which they laid the road were not noted on the draft or plot annexed to it.   It appears that the viewers in the body of their report stated that they had attached to it a plot or draft "showing course and distance of such road and noticing briefly the improvements over which it passes," but the draft attached to and returned with the report fails to show any improvements.   It is true that the names of the owners of the lands through which the road passes are written thereon and there are marks upon it to indicate the location of the lines between their properties.   But these do not constitute a compliance with the statute which requires that the improvements shall be briefly noted upon the draft.   Mere boundary lines are not improvements, but fences erected upon them, and buildings, clearings, etc., upon the lands inclosed by them, are.   To satisfy the statute there ought to be something upon the draft from which it can be discovered whether the lands are improved or unimproved.   Ordinarily if there is no reference to improvements in the draft or in the report the presumption is that there are none, but this presumption is rebutted by the report of the viewers that they have noticed the improvements in the draft, and in such case the omission to note

them there is fatal: O'Hara Township Road, 152 Pa. 319. It follows from these views that the learned court below erred in the matters complained of in the several specifications. It should have made the rule to show cause, etc., absolute, referred the report of the viewers back to them with instructions to note the improvements, and appointed reviewers upon the petition for a review then before it. In order that such action may be taken now, the several specifications of error are sustained.

Order discharging rule to show cause, etc., reversed and procedendo awarded.