## Petition for Vacation of Public Road in Derry Township.

*Road law—Presumptions arising from viewers' report—Appeal—Qualifications of viewers.*

The presumption is that the requirements of the statutes have been complied with by viewers, and therefore it is not necessary specifically so to state in the report unless specifically required by the act regulating the subject. It is presumed that viewers were qualified for their appointment and on appeal no one can be heard to allege the contrary.

*Requisite certainty as to termini.*

There must be reasonable certainty in defining the points where a road begins and ends. A report is defective which locates one point in "a public road leading from Blairsville Intersection to Cokeville along the eastern side of the right of way of the West Penn Railroad on the lands of Mrs. Sarah Gray,"—Mrs. Gray's land extending for 1,000 feet—and as to the other terminus "in another public road in the said village of Blairsville Intersection near the station of the Pennsylvania Railroad."

232, (1899).]            Syllabus—Statement of Facts.

*Designation of width by special order imperative.*

The width of the road must be fixed by special order of court and the report must then lie over until the next term before it finally can be confirmed. This cannot be done subsequently by a nunc pro tunc order.

*Road law—Proposition of railroad company to build bridge.*

An undertaking by a railroad to bear the expense of a bridge which is too great for the township if made unconditionally and if adequately secured presents no transgression of the law if the court confirms the report of viewers unconditionally.

Argued April 20, 1899.   Appeal, No. 92, April T., 1899, by supervisors of Derry township, from decree of Q. S. Westmoreland Co., Nov. T., 1897, No. 6, dismissing exceptions to report of road viewers, recommending the laying out of a road and confirming the report of the road viewers.   Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ.   Reversed.   Opinion by RICE, P. J.

Petition for road viewers.   Before McCONNELL, J.

It appears from the record that a petition by certain citizens of Derry township was filed alleging that the petitioners "labor under great inconvenience for want of a public road leading from Blairsville Intersection to Cokeville, along the eastern side of the right of way of the West Penn Railroad, on the lands of Mrs. Sarah Gray, and extending thence to a point in another public road in the said village of Blairsville Intersection, near the station of the Pennsylvania Railroad." The petitioners prayed the court to appoint proper persons to view and lay out the public road according to law, etc.   The viewers reported in favor of laying out the road "beginning at a point on the road leading from Blairsville Intersection to Cokeville, on lands of Mrs. Sarah Gray; thence through the improved lands of said Sarah Gray, Mary Serferdt and Henry Libengood," by courses and distances set out, "to the centre of a public street or road, being the terminal point mentioned." The viewers called the attention of the court to the fact that "the new road proposed crosses the Pennsylvania Railroad at a place where there is a cut of twenty feet, more or less, in depth, and that an overhead bridge will be required there to span a space of 100 feet, more or less," which would cost several thousand dollars, too much for the township of Derry to bear, thus making, practically a county bridge, and stating that it had been suggested

to the viewers that the Pennsylvania Railroad should build the bridge, but that no assurances had been given that they would do so, and therefore the question was submitted to the court along with other matters for and against the road for the consideration of the court. Subsequently a letter was filed from the general superintendent of the Pennsylvania Railroad stating that if the viewers should report in favor of the vacation of certain public roads which crossed the main line tracks at grade, that the Pennsylvania Railroad Company stood ready to construct, at their cost, a substantial and suitable overhead bridge for the use of the general public and to take the place of the grade crossings proposed to be vacated, the only condition being that, when such overhead bridge, consisting of iron trusses and girders, had been completed in the best form, the commissioners of Westmoreland county would accept the same as part of the public highway, and thereafter maintain it. Contemporaneous proceedings were had which resulted in reports for the vacation of portions of roads having the grade crossings referred to in the above letter, which were made the subject of appeals Nos. 93 and 96, April term, 1899. Exceptions were filed on May 7, 1898, to the report of the viewers by the supervisors of Derry township, which exceptions were dismissed on November 12, 1898, by decree of court filed, which confirmed the report of the viewers. The supervisors appealed.

*Errors assigned* were to the decree confirming said report for the reasons: " 1. That nowhere in the proceeding does it appear that the viewers appointed ' were three fair, judicious and impartial persons, one of whom shall be a surveyor,' as required by the Act of May 8, 1889, P. L. 129.   2. Nor does it appear that the viewers appointed are 'persons residing near the place to be viewed,' as required by the Act of June 13, 1836, P. L. 551 ; the fact being, that Cyrus Long resides at Greensburg, twenty-one miles from said place, and John D. Brown at Irwin, thirty-one miles from said place, neither one ever having resided near said place.   3. Nor does it appear that the viewers stopped at the termini fixed by the petition, to wit : ' extending thence to a point in another public road in the said village of Blairsville Intersection, near the station of the Pennsylvania Railroad.' The report showing that they disregarded this termini and

extended the new road across said termini, through the private property of H. Leibengood; thence across the Pennsylvania Railroad; thence through the property of Calvin Coursin and others, to an opening which is not a public road, nor is there any evidence that the same has been dedicated to public use. 4. Nor does it appear that the termini of said road was fixed in said petition with that precision and clearness that is required by law. 5. The report fails to show the improvements through which said road is projected. 6. The report fails to show 'that notice was duly served upon the land owners,' as required by law. 7. Nor does it appear by said report that the viewers attempted to secure a release for damages done to the land of Calvin Coursin, who owns the property immediately south of the Pennsylvania Railroad, through which said road goes, as well as the owner on the other side of said proposed road. 8. Nor does it appear that they had 'respect to the shortest distance,' as required by the Act of 1836, P. L. 551, sec. 2. 9. That the report of the viewers is self-contradictory and uncertain. They first recommend a confirmation of this road, then they say that it will involve the construction of a bridge over the railroad that will cost several thousand dollars. This they say will be too expensive for the township of Derry to bear; then they suggest that the Pennsylvania Railroad should build this bridge, without stating whether the railroad, the township, or the county should maintain it, and then as a grand final, 'we therefore recommend confirmation.' 10. That it does not appear from the record that the court has approved said report as required by law. 11. Nor does it appear from said record that the court has 'directed of what breadth the road so approved shall be opened,' as required by the Act of 1836, P. L. 551, sec. 4. 12. The court also erred in basing the decree upon the letter of the Pennsylvania Railroad Company, which letter was no part of the record, was not binding upon the company, did not agree to locate said bridge upon said proposed highway, and was upon condition that 'the commissioners of Westmoreland county occupy the same as part of the public highway and thereafter maintain it,' which condition has never been fulfilled and would be ultra vires on their part."

*Curtis H. Gregg,* of *Gregg & Potts,* and *Denna C. Ogden,* with

them *Charles Rugh*, for appellants.—The termini in the petition are not fixed with the precision certainly required by law : O'Hara Township Road, 152 Pa. 319.

The omission to note the improvement is fatal : Potts's Appeal, 15 Pa. 414 ; Bellevernon Road, 15 W. N. C. 232.'

Upon the tenth assignment of error, that the court did not approve said report as required by law, we say : The petition having been presented in open court on November 13, 1897, it was the duty of the viewers to make return to the next term of court for the approval of the court, Act of June 13, 1836, P. L. 551, which would be February 14, 1898, under our rules of court. Upon that day the report was simply filed in the clerk's office, and from that day to this has never received the approval of the court, except as you find it in the final order of confirmation. This we say is contrary to law : Gibson and Guy's Mill Road, 37 Pa. 255.

Upon the eleventh assignment of error, that the court has not directed of what breadth the road shall be opened, we simply cite the act of assembly and a few authorities to make the matter plain : Act of 1836, P. L. 551, sec. 4 ; Silver Lake Road, 3 W. & S. 559; Lackawanna Township Road, 112 Pa. 212; Ohio and Ross Township Road, 166 Pa. 132.

*Paul H. Gaither*, with him *Cyrus E. Woods*, for appellee.— These three cases will be argued as one, as they are so intimately related that they should all stand or fall together.

These are three proceedings in the court of quarter sessions of Westmoreland county, commenced for the purpose of vacating three grade crossings on the Pennsylvania railroad at Blairsville Intersection in two different township roads, and supplying them with an overhead bridge which would connect both of the township roads : Sadsbury Township Roads, 147 Pa. 471.

Here, appellant filed his exceptions before the time had arrived for the court to confirm and approve these reports. The matter then, under the practice, proceeded regularly. The court heard arguments in due time, and when their business permitted, ruled the cases and made their orders. On this point we cite McConnell's Mill Road, 32 Pa. 285.

The presumption is that the requirements of the statutes

have been complied with by the viewers, and therefore it is not necessary, specially, so to state on the report, unless specially required by the acts regulating the subject: Kirk's Appeal, 28 Pa. 185; Spring Garden Road, 43 Pa. 144.

It will be presumed that the viewers performed their duty, and that all things were rightly done, unless the contrary be shown. That this is the rule, under the act of 1845, was decided in McConnell's Mill Road, 32 Pa. 285, and in Road in Chartiers Twp., 34 Pa. 413, and the general Act of May 14, 1874, P. L. 164, contains precisely the same provision in this respect.

The South Abington road case is approvingly cited by the Supreme Court in In re Melon Street, 182 Pa. 397.

Regarding the averment that the viewers failed to settle with Calvin Corson for any alleged damages, see Road in Kingston Township, 134 Pa. 409, and refer to the opinion of the lower court, which is affirmed in a per curiam judgment.

Appellant next complains because the court has not directed of what breadth the road, so approved, shall be opened as required by act of 1836, and he devotes a considerable portion of his argument to this assignment. We answer by citing a part of a rule of the court of quarter sessions of Westmoreland county:

" Rule No. 234. Unless otherwise ordered by the court the width of public roads shall be thirty-three feet and private roads twenty feet."

OPINION BY RICE, P. J., July 28, 1899:

Viewers are to have regard, not only to the distance, but also to the best ground for a road, the injury to private property, and as far as practicable the desires of the petitioners: Act of June 13, 1836, P. L. 551, sec. 2. If they keep within the limits of their authority as to the terminal points, the presumption is that they did their duty in the selection of the route and had due regard to all those things which the statute mentions. If it be alleged as a fact, that they did not have due regard to them, the authority to inquire into the matter is in the quarter sessions, and, in the absence of flagrant error, manifest on the face of the proceedings, their finding is conclusive. Spear's Road, 4 Binney, 174, rules the point.

Upon the principle omnia præsumuntur rite esse acta, the

presumption is that the viewers were qualified for appointment, although the order is silent on the subject, and on appeal no one can be heard to allege the contrary.

As to the objection that the report fails to show that notice was served on the landowners, and that the viewers endeavored to obtain a release of damages from one to whom no damages were awarded, the case of Road in S. Abington, 109 Pa. 118, is a controlling authority. " The presumption is that the requirements of the statutes have been complied with by the viewers, and therefore it is not necessary specifically so to state in the report unless specifically required by the act regulating the subject." This language was quoted with approval in In re Melon Street, 182 Pa. 397. See also Road in Kingston, 134 Pa. 409, Road in Sterrett Township, 114 Pa. 627, 633, and Road in North Franklin, 8 Pa. Superior Ct. 358.

The law regarding the noting of improvements, which is required by the act of 1836, was thus stated by Justice TRUNKEY, in Bellevernon Road, 15 W. N. C. 232: "When the viewers fail to make note of the improvements the report may be sent back for that purpose, but the court" (quarter sessions) " is not bound to send it back. In this court, when nothing appears to indicate the existence of improvements, it will be presumed there were none, for the statute does not command a note that the land is unimproved. But such presumption may be repelled by the assessment of damages and other matters, and then the omission to note improvements is fatal (Road from Buttonwood Lane to Green Street, 13 S. & R. 445)." So, it has been held, that, if the viewers state in their report that they have noticed the improvements in the draft, this rebuts the presumption that there were none, and in such case the omission to note is fatal: O'Hara Township Road, 152 Pa. 319; Leet Township Road, 159 Pa. 72. It is plain, therefore, that this provision of the statute is not unimportant nor merely directory. The objection that it was not complied with was fairly raised in the court below, and the defect ought to have been corrected there, as it might easily have been: Potts's Appeal, 15 Pa. 414. There is as strong a natural inference that this road passes through improvements as there was in the Bellevernon case. The fact that on the draft there are the names of the owners of the land and lines indicating their bound-

aries is not sufficient. " Mere boundary lines are not improvements but fences erected upon them, and buildings, clearings; etc., upon the lands inclosed by them, are. To satisfy the statute there ought to be something upon the draft from which it can be discovered whether the lands are improved or unimproved : " Leet Township Road, supra.

The termini of a projected road are the only means of identifying it. They describe the proceedings and limit the authority of the viewers. Whilst it has been said that absolute mathematical precision is not required yet all the authorities hold it to be indispensable : (1) that there be reasonable certainty in defining the points where the road shall begin and end, and (2) that the road as laid out by the viewers shall begin and end, substantially, at the points designated in the petition : Road in Lower Merion, 58 Pa. 66; O'Hara Township Road, 152 Pa. 319; Cassville Borough Road, 4 Pa. Superior Ct. 511. The point of beginning mentioned in the petition is "in the public road leading from Blairsville Intersection to Cokeville along the eastern side of the right of way of the West Penn Railroad on the lands of Mrs. Sarah Gray." This left a wide margin for the viewers, if, as was asserted on the argument, Mrs. Gray's land extends for 1,000 feet along the right of way mentioned. Their report is equally indefinite in describing the point of beginning, and as to the other terminus they simply say that it is in " the center of a public street or road, being the terminal point mentioned." If either terminus be fixed by the viewers with certainty, the other may be ascertained by retracing the line by its given course and distance: Bean's Road, 35 Pa. 280. This, however, would not remove the objection to the indefiniteness of the petition, and in any future proceeding this ought to be avoided.

The point of ending designated in the petition and order is " in another public road in the said village of Blairsville Intersection near the station of the Pennsylvania Railroad." As we have already said, the points of beginning and ending designated in the petition and order limit the authority of the viewers. " To go beyond them is to exceed the authority. When once the viewers cut loose from the order and go outside of it, the whole identity of the proceeding is lost : " Road in Lower Merion, supra. The proposed road was to end at a point near

the station in a public road. What public road? The order does not state. Surely it cannot be urged that this was left discretionary with the viewers. If it was to be determined by nearness to the station then one would suppose—looking at the order in this case only—that, when the viewers had reached a point in a public road leading directly to the station, they would not be expected to cross the road, leaving that point in the rear, extend the road nearly 800 feet further and end it at a point much farther distant from the station. In order to explain this apparent discrepancy it is necessary to go outside this record and examine the petitions and orders in the vacation proceedings instituted at the same time. Looking at these we can see that the laying out of this road is part of a general plan to do away with dangerous railroad crossings ; but laudable as is the object we are constrained to hold that the record of this proceeding to lay out a road is not self-sustaining, as it ought to be, and that in the particulars referred to, the defects are not less serious than those held to be fatal in O'Hara Township Road, supra. See also Trickett on Roads, 27.

If the court had fixed the width of the road at the term at which the report was filed, the omission to enter a formal nisi approval at the same time would not have been an error of which those who filed exceptions, and were accorded a full hearing before final confirmation, could complain : Beigh's Road, 23 Pa. 302; McConnell's Mill Road, 32 Pa. 285; Delaware County's Appeal, 1 Pa. Superior Ct. 204. But no action whatever was taken by the court at the first term. The report was not confirmed nisi, according to the usual practice, nor has the width of the road ever been fixed by special order. If there is anything well settled in the law it is, that the width of the road must be fixed by the court, and the report must then lie over until the next term before it can be finally confirmed. The special action of the court on the subject is necessary in every case ; a general rule of court is not sufficient : Road to Ewing's Mill, 32 Pa. 282; Hempfield Township Road, 122 Pa. 439; Fermanagh Road, 1 Pa. Superior Ct. 534; Road in North Franklin, 8 Pa. Superior Ct. 358. Nor can it be done at a later term by a nunc pro tunc order which shall take effect as if made at the time of confirmation nisi : Road to Ewing Mill, supra ; Road in Lackawanna, 112 Pa. 212. It is plain, therefore,

that the appellant's fifteenth exception (eleventh assignment) should have been sustained, and that the final order of confirmation must be reversed and set aside.    It is suggested that instead of setting aside the entire proceedings we should send the case back with directions to designate the width of the road.    We need only say in answer to this suggestion that this is not the sole irregularity in the proceedings, and in view of the many complications that would arise, we think it safer to follow the precedents in Road in Lackawanna, 112 Pa. 212, Road Case, 3 W. & S. 559, and Road Case, 4 W. & S. 39.

Neither the report nor the order confirming it is conditional within the true spirit and intent of the rulings in Lathrop Township Road, 84 Pa. 126, O'Hara Township Road, 87 Pa. 356, and Road in Benzinger Township, 115 Pa. 436, as explained in Road in Londonderry, 129 Pa. 244.    When there is necessity for a public road and the only valid objection to the confirmation of the report laying it out is, that the expense of the construction of a bridge across a railroad cut will be too great for the township to bear, we see no good reason why the railroad company, having such an interest in the proposed improvement as has the Pennsylvania Railroad in these proceedings may not be permitted to remove the objection by undertaking to bear the expense.    If after the performance of this undertaking is adequately secured, the court confirms the report unconditionally, we cannot say that any law would be transgressed.

We remark, however, that such undertaking ought to be unconditional.    The obligation ought not to be made to depend upon the action of the county commissioners, which they may or may not take after the report has been confirmed.    As the proceedings must be set aside for other reasons this is all we need say upon the ninth and twelfth assignments.

The order of confirmation is reversed and all the proceedings are set aside.