## Road in Upper Darby Township.

*Road law—Defective report—Noting improvements—Act of June 13, 1836, sec. 3, P. L.* 551.

The provisions of the act of assembly of June 13, 1836, sec. 3, which require the report of viewers relating to the opening of a road to note "briefly the improvements through which it may pass," are not complied with by merely writing the words "improved land" in various places in the draft accompanying the report, so as practically to include each separate tract through or along which the road is laid out. Mere boundary lines are not improvements, but fences, buildings and clearings are improvements, and these should be noted.

Where a report of viewers is defective because it fails to note the improvements on the lands through which the road passes, the defect cannot be taken advantage of after confirmation and in the appellate court, when no exceptions were taken thereto in the court below.

Argued Nov. 21, 1900. Appeal, No. 104, Oct. T., 1900, by the Philadelphia and Baltimore Central Railroad Company, from order of Q. S. Delaware Co., March T., 1899, No. 1, dismissing exceptions to report of viewers in the matter of the road in the township of Upper Darby at Fernwood. Before Rice, P. J., Beaver, Orlady, W. W. Porter and W. D. Porter, JJ. Affirmed.

Exceptions to report of viewers.

Appellants objected to the report on the ground that the viewers instead of noting improvements upon the lands through which the road passed, merely marked in various places upon the draft accompanying their report, the words "improved land." No exception however was made to this defect in the court below. The court dismissed the exceptions and confirmed the report.

The facts are stated at length in the opinion of the Superior Court.

*Error assigned* was the decree dismissing the exceptions.

*John J. Pinkerton* and *John B. Hannum,* for appellant.—An inspection of the record in this case shows that no improvements were noted, either in the draft of the road, or in the

report of the viewers, and, for this cause, it was error to approve the report: Act of April 3, 1804, 4 Sm. Laws, 198; In re Road in Bellevernon Borough, 15 W. N. C. 232; O'Hara Township Road, 152 Pa. 319; Leet Township Road, 159 Pa. 72; Bean's Road, 35 Pa. 280.

*V. Gilpin Robinson*, for appellee.—The cases which seem to be relied upon with so much confidence by the appellants are lacking in one vital particular. In the cases cited no improvements were noted. In our case the improvements are noted, and the case turns upon whether there is a sufficient noting of the improvements through which the road passes.

But even if the court shall deem the report insufficient, the proceeding should not be quashed; the report should be sent back to the jury of view for correction: Beigh's Road, 23 Pa. 302; New Hanover Road, 18 Pa. 220; Allentown Road, 5 Wharton, 442; Road in Kiskiminitas Township, 32 Pa. 9; In re Penn Township, 8 Pa. 23; In re Road in Bellevernon Borough, 15 W. N. C. 232; Leet Township Road, 159 Pa. 72; Thompson's Private Road, 154 Pa. 541.

OPINION BY BEAVER, J., January 22, 1901:

Two questions are presented by this record: 1. Are the provisions of the Act of Assembly of June 13, 1836, P. L. 551, sec. 3, which require the report of viewers relating to the opening of a road, to note "briefly the improvements through which it may pass" complied with, when in the draft accompanying the report the words "improved land" are written in various places so as practically to include each separate tract through or along which the road is laid out? 2. If such a report be not a sufficient compliance with the act of assembly, can the defect be taken advantage of after confirmation, when no exceptions were taken thereto in the court below?

1. In the report of viewers there are two references to the character of the land. First the statement is made, "All of the land through which the said road passes being improved land," and second, the statement, "We hereunto annex a copy or draft of said road laid out, stating the courses and distances and noting briefly the improvements through which the same passes." The draft accompanying the report contains ten separate in-

dorsements "improved land," some of these covering two and three distinct lots, as laid out on the plot or draft. There is nothing to show either in the report or the draft accompanying it that any of the lands or lots through which the road is laid out are fenced, or whether or not any buildings or other improvements are contained thereon. In at least two of the lots or separate parcels the words "unoccupied land" are stricken out, and "improved land" written in their place. It is to be presumed that the legislature had in mind some good reason for requiring the improvements to be briefly noted. This is necessary not only for the information of taxpayers who may desire to except to the report, but to enable the court to reach an intelligent conclusion as to the width of the road to be opened which will, of course, be determined largely by the character of the improvements along the proposed road, and also for the purpose of determining whether or not the damages awarded by the viewers are reasonable. It might be surmised from the subdivisions of the land, through which the proposed road in question is located, that it is laid through a village, and that the lots on both sides of it have improvements thereon. What improvements? Are there fences or dwelling houses, warehouses or manufactories which would require for their traffic unusual width? The report gives us no information whatever. The apparent subdivisions are marked upon the draft by lines. Are these subdivisions separated from each other by fences? We cannot tell.

It was said in Leet Township Road, 159 Pa. 72, by the present chief justice: "It is true that the names of the owners of the land through which the road passes are written thereon, and there are marks upon it to indicate the location of the lines between their properties. But these do not constitute a compliance with the statute which requires that the improvements shall be briefly noted upon the draft. Mere boundary lines are not improvements, but fences erected upon them and buildings, clearings, etc., upon the lands enclosed by them, are. To satisfy the statute there ought to be something upon the draft from which it can be discovered whether the lands are improved or unimproved. Ordinarily if there is no reference to improvements in the draft or in the report, the presumption is that there are none, but this presumption is rebutted by the report of the

viewers that they have noticed the improvements in the draft, and in such case the omission to note them there is fatal: O'Hara Township Road, 152 Pa. 319. It follows from these views that the learned court below erred in the matters complained of in the several specifications." Every word of this might apply to the present case, except that the viewers have written "improved land" as heretofore stated; but this is not a compliance with their own report or with the provisions of the act of assembly, and gives no notice to inquiring taxpayers, and no help to the court in the discharge of the duties which devolve upon it. We are of the opinion that the report is, therefore, on its face defective.

2. This defect, however, was not excepted to in the court below, although other exceptions were filed by the appellant upon which a hearing or an opportunity to be heard was had. Can advantage be taken of it now? It cannot be said to be incurably fatal, for, if the attention of the court below had been called to it, the report could have been referred back to the viewers for amendment. It is not like the case where the termini in a petition for a road are not definitely specified. Such a defect is incurable and vitiates all subsequent proceedings, because the supervisors can have no definite guide in opening the road. In North Franklin Twp. Road, 8 Pa. Superior. Ct. 358, it was said: "Granting, however, that the provision of the act of 1836 is in force in Washington county, the omission to note the improvements was not an incurable defect. If exception had been duly taken, the court might have referred the report back for correction: Towamencin Road, 10 Pa. 195, 198; Potts's Appeal, 15 Pa. 414; New Hanover Road, 18 Pa. 220; Hempfield Township Road, 122 Pa. 439." See also Derry Township Road, 11 Pa. Superior Ct. 232, and Road in Sterrett Township, 114 Pa. 627, in which it is said: "The tenth specification assumes as a fact that there are improvements along the line of the proposed road. There is nothing on the record to show that there are any, and, if there were, the objection comes too late after final confirmation of the report." We are not unmindful of what is said in O'Hara Township Road, supra, in which it was said: "The objection, that it was too late to file exceptions after final confirmation, is without merit. These exceptions are to matters appearing on the face of the record and,

as they are fatal to a decree of confirmation, error may be assigned in this court, although no exceptions were filed in the court below." But this was said in a case in which neither the report of the viewers nor the draft accompanying the report sufficiently indicated the termini of the road, and in which, although an effort was made to file exceptions in the court below nunc pro tunc, permission to do so was not granted. The citation of Bean's Road, 35 Pa. 280, clearly shows that the fatal defect, which Mr. Justice GREEN, who wrote the opinion, had in mind, was the failure on the part of the viewers to describe the termini with sufficient precision to enable the supervisors to locate it, when ordered to be opened. The undoubted current of authority sustains the view that the defect here complained of, although serious and practical, is not fatal. If exceptions had been taken, because of it, in the court below, the report would undoubtedly have been referred back to the viewers to note the improvements. The court seems to have had the data before it upon which intelligently to act in fixing the width of the road. No interests suffered, so far as we can see, and nothing is to be gained by considering the question raised by the exception in this court. The appellant should have filed its exception in the court below. It is too late to do so here. Decree affirmed.