## East Whiteland Township Road.

*Road law—Viewers—Report—Necessity for road—Proposition from private company to construct road.*

Where viewers in their report state that a proposed road is necessary for a public road and public use, it is not fatal to the report to conclude with the statement "that in consideration of the advantages which W (a lime company named), would derive from the laying out of said new road, and the vacation of the old road, said company has agreed and promised to build said new road and make it as good a road as the present old road now is, without any expense to the township."

The proposition was not an improper one to be made when the question of confirmation of the road came up for consideration in court, and it was certainly not a fatal error for the reviewers to put it in their report so that the court might consider it and take such action as it deemed necessary to compel the performance of the promise before finally confirming the report.

Argued Nov. 20, 1905.    Appeal, No. 221, Oct. T., 1904, by William B. Irvine, from order of Q. S. Chester Co., dismissing exceptions to report of reviewers In re Road in East Whiteland Township.    Before RICE, P. J., ORLADY, PORTER, MORRISON and HENDERSON, JJ.    Affirmed.

Exceptions to report of reviewers.
The facts are stated in the opinion of the Superior Court.

*Errors assigned* were in dismissing exceptions to report of reviewers.

*J. Frank E. Hause,* for appellant, cited : Derry Township Road, 11 Pa. Superior Ct. 232.

*Wm. M. Hayes,* with him *J. Carroll Hayes,* for appellee, cited : Cheltenham Twp. Road, 17 Montg. Co. 18; Derry Twp. Road, 11 Pa. Superior Ct. 232; Bern Twp. Road, 17 Atl. Repr. 205.

OPINION BY RICE, P. J., March 12, 1906 :
The act of 1836 provides, that if the viewers "shall agree that there is occasion for the road," they shall state particularly in their report, among other things, " whether the road desired be necessary for a public or private road."    The language of

the report of reviewers under consideration is, " we do agree that there is occasion for a road as desired by the petitioners, and that the same is necessary for a public road, and . . . . we have laid out . . . . and do return for public use the following described road." Then, after setting forth a careful description of the road and other matters not necessary to be noted now, the report concludes with a statement, " that in consideration of the advantages which the Whiteland Lime Company would derive from the laying out of said new road and the vacation of the old road, said company has agreed and promised to build said new road and make it as good a road as the present old road now is, without any expense to the township," and to keep in repair a certain line fence. The report is in no sense ambiguous or conditional. As to the question of the necessity for a public road it is absolute and certain. The exceptions referred to in the assignments of error to the effect that the reviewers did not determine that it was necessary for public use, but laid it out solely for the benefit of the Whiteland Lime Company, and that the company's statement at the view with reference to the cost of opening was the only inducement that led the reviewers to report in favor of the petition, are not sustained by anything in the report itself; on the contrary, they are in contradiction of the express findings of the reviewers. Upon appeal it is to be presumed that the questions raised by these exceptions, so far as they depend upon evidence outside the report, were correctly decided by the court below. But the fact that it was stated in the presence of the reviewers that the cost of opening the road would be borne by the Whiteland Lime Company appears in the report itself. It is suggested that such a consideration as this should not be permitted to be submitted to road viewers because their discretion cannot properly be moved either in favor of or against the petition by the question of the cost of opening the road. For the purposes of this case it may be conceded that it was an irrelevant and immaterial fact; that all that the reviewers had to determine was, first, whether there was occasion for the road desired; second, whether it was necessary that it be laid out as a public road. But while this is true we cannot agree that there is any presumption, irrebutable or otherwise, that the statement was the induce-

ment which led them to report in favor of the road.  Taking the report as a whole, the evident meaning is, that irrespective of this proposition of the lime company the reviewers deemed the road necessary for public use.  The proposition was not an improper one to be made when the question of confirmation of the road came up for consideration in court, and it was certainly not a fatal error for the reviewers to put it in their report so that the court might consider it and take such action as it deemed necessary to compel the performance of the promise before finally confirming the report.   See Derry Township Road, 11 Pa. Superior Ct. 232 ; Bern and Penn Township Road, 2 Mona. 105.

The assignments of error are overruled and the order is affirmed.