# In the Matter of a Public Road from the Armstrong and Indiana Turnpike to a Public Road from David Cumming's to Indiana, near a point in Thomas White's Land.

1. It is a fatal objection, that a petition for the review of a road was not presented and acted upon for two years after filing the original report.
2. The provision of the act, directing that application for a review be made at or before the next term after the report of a view, is mandatory.

CERTIORARI to the Court of Quarter Sessions of *Indiana county*, to remove the proceedings in that court in the matter of a road from the Armstrong and Indiana turnpike to the road from David Cumming's to Indiana near a point on Judge White's land.

At the June Sessions 1860, the court appointed viewers to lay out a road as above stated. On the 26th of September 1860, the viewers reported a road between the said points, which was read same day and so endorsed on the report. Nothing further was done until November 12th 1863, when a petition was presented reciting the laying out of the above road, and asking for the appointment of " proper persons to review said road." Reviewers were appointed the same day, who reported a road. The report was filed January 8th 1864; and, after various proceedings in relation to it, the court, April 5th 1865, set aside the report of the viewers, confirmed the report of the reviewers and ordered the road to be opened forty feet wide.

Part of the proceedings were " a special plea" to the petition for review and a " demurrer" to the plea, which are not referred to in the opinion of the Supreme Court, and are therefore not set out here.

Errors assigned are :—

1. The court below erred in appointing reviewers, after a period of three years had elapsed from the term of the court when the original report was made and read in the Court of Quarter Sessions.

2. That the reviewed road having been laid out over a private way, laid out by the owners of the soil, the court had no power to confirm said review, without the consent of the owners of the private way.

*White* and *Boyle*, for plaintiffs in error.—The time fixed by the Act of Assembly for a review had long passed, and the report could not be acted on *nunc pro tunc :* Road in Reserve Township, 2 Grant 204 ; Baldwin and Snowden Road, 3 Id. 63 ; Chartiers Township Road, Pitts. Leg. Jour. N. S. 163.

A private way laid out by the owners of the soil cannot be vacated without consent of all persons having an interest therein :

[Road in Indiana Co.]

Act of May 8th 1854, Purd. 875. The private way was appurtenant to the soil : Picking *v*. Stapler, 5 S. & R. 107. A special plea is a proper mode for bringing up the facts : Weaver's Road, Leg. Jour. vol. 12, p. 1.

*William Banks*, for defendants in error.—The act directing reviews to be granted at or before the next term after the report upon the view, is directory only. The Act of May 8th 1854 applies only to vacating private ways, and not to laying public roads over them.

The opinion of the court was delivered, January 23d 1866, by

AGNEW, J.—It is a fatal objection that the petition for a review in this case was not presented or acted upon until two years after filing of the original report. The 25th section of the General Road Law of 13th June 1836, directs a second view or review, " provided that application therefor be made at or before the next term of the said court after the report upon the first view." This provision has always been looked upon as mandatory. There are good reasons founded in the necessity for speedy action, in order that the report upon the first view may be considered in due season, and while the parties are supposed to be in waiting to take care of their interests. Changes in the route of a road cannot be made unless by review until after confirmation of the report, and the road has been opened, in whole according to the Act of 1836, or in part under the Act of 3d May 1855 ; and certainly it is asking too much that the parties should be compelled to be in court for an indefinite length of time, to keep watch over the proceedings, and to see that the route originally viewed to their satisfaction, shall not be changed to their disadvantage by a review. The law has therefore fixed the next term after the report for the application for a review. Analogous principles were asserted in the cases of the Baldwin Road, 3 Grant 63, and the Heidelberg Road, 11 Wright 536.

The petition for the review, and all the proceedings upon the same, are quashed and wholly set aside, and the order and decree setting aside the original report are quashed, and a *procedendo* awarded.