## Brown et al. *versus* Fowzer et al.

In a proceeding under the Act of May 14th, 1874, (P. L. 159) to divide a borough into wards, the proper notice should be directed by the court on the filing of the petition, and the character of the notice to be given should be embodied in the order, and the report of the commissioners should certify specifically what notice was given. The order of the court should also contain an explicit direction to the commissioners to inquire into the propriety of granting the prayer of the petitioners; and the report of the commissioners should contain an equally explicit opinion as to the propriety of granting this prayer.

October 20th, 1886. Before GORDON, PAXSON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ., MERCUR, C. J., absent.

CERTIORARI to the Court of Quarter Sessions of the Peace of *Butler county;* of October Term 1886, No. 230.

The record showed the following facts: On May 16th, 1885, upon application by petition of more than twenty freeholders resident in the borough of Butler to said court for the purpose of dividing said borough into wards, under the Act of May 14th, 1874, the court made the following order:

And now, May 16th, 1885, after due consideration, prayer granted, and the court appoint as commissioners, B. F. Hilliard (artist), Thos. M. Marshall, Esq., Reuben Shanor, Esq.

The court thereupon issued the following order to them, May 18th, 1885:

To B. F. Hillard, (artist,) Thomas M. Marshall, Esq., and Reuben Shanor, Esq.:

*Greeting, know ye:*—That in confidence of your prudence and fidelity, and in pursuance and compliance with the foregoing petition, we have appointed you commissioners, and by these presents do give unto you full power and authority to act in the above stated case. Now, therefore, you the said commissioners, after having given due and public notice according to the rules of court, and Act of Assembly in such case made and provided, you will proceed to and perform the duties of your appointment to the best of your ability and judgment as prayed for in the accompanying petition, and make report of the same to this court.

The commissioners entered upon the discharge of their duty and made the following report, May 29th, 1885.

The undersigned commissioners appointed by your honorable court to inquire into the propriety or necessity of dividing the borough of Butler into wards as directed by the accompanying order, most respectfully report, that after due public notice having been given, we met at the time and place indicated in said notice, and after being severally sworn all being present, proceeded to examine the territory of the said borough, and after due consideration have concluded that it would suit the convenience of citizens, property holders and residents of said borough, to have the same divided into wards. We therefore recommend the division of said borough into four wards, numbered 1, 2, 3, and 4 respectively—bounded and described as follows:

(Here follows a description of the four wards.)

We further submit that we believe the division submitted in the above report, and set out in the accompanying draft, which is also submitted and made a part of this report, would be advantageous and beneficial to the citizens, property holders and residents of said borough, we therefore recommend the adoption of the same, and its confirmation by your honorable court. All of which is respectfully submitted.

To this report the following exceptions were filed, September 7th, 1885:

1. The petition is too indefinite, in that it does not state that a division of the borough of Butler into wards is necessary for the proper convenience of the citizens and residents thereof.

2. The order of court issued to the commissioners and attached to their report, is fatally defective for the following reasons:

(*a.*) That it does not direct that the commissioners shall

report their opinion upon the propriety of granting the prayer of the petitioners.

(*b.*) That it does not direct that the commissioners shall be sworn.

(*c.*) That it does not direct the character of notice to be given, nor the time nor manner of notice, nor how the same shall be given. The direction, "after' having given due and public notice according to rules of court and Act of Assembly, in such case made and provided," is too vague and uncertain. The direction as to notice must be specific as to how, when and where notice shall be given and as to what said notices shall contain.

3. That the oath administered as shown by the copy filed in the case, was not sufficient in law, in that the words " with fidelity," as required by law, was omitted, and that the commissioners were jointly and not severally sworn, as set forth in their report.

4. The report of the commissioners does not show that any notice of the time and place of meeting was given to any of the municipal officers of the borough of Butler.

5. That the report of commissioners does not set forth the time and place of meeting to examine the lines, &c., of the borough; and no copy of notice (if any was given) is thereto attached, which alone would be the evidence of what notice (if any) was given.

6. That the draft annexed to the report of the commissioners does not exhibit the streets, lanes and alleys of said borough, does not designate densely populated, sparsely populated, or uninhabited portions of the borough, neither is wood and agricultural land within said borough designated. That said draft does not show the relative size of the respective wards, and that it is such draft or plot as required by law.

6. That the report of the commissioners does not state in explicit terms their opinion on the propriety of granting the prayer of the petitioners.

On September 26th, 1885, a review was prayed for and granted; commissioners were appointed, who made a report that there was no necessity for, and it would be inexpedient to divide said borough into wards; to this report exceptions were filed, which were sustained. The exceptions to the original report were dismissed, and the report was confirmed September 15th, 1886, by the court, HAZEN, P. J. This writ was thereupon taken, and the action of the court, in dismissing the exceptions to the original report and confirming it, was assigned for error.

*Lev McQuistion* (*William A. Forquer* and *Frank M. East*

*man* with him), for plaintiffs in error.—This proceeding was under the Act of May 14th, 1874, P. L. 159. This Act is almost identical with the Acts of April 15th, 1834, relative to the erection and division of townships, and the Act of May 8th, 1855, relative to the formation of independent school districts.

This court has held, In re Division of Plumb Township, 2 Norris, 74, SHARSWOOD, J.: " It has been settled in a series of cases decided by this court upon the construction of this Act (Act of April 15th, 1834,) that the order of the court appointing the commissioners, which is their authority for acting, must contain an explicit direction to them according to the express terms of the law to inquire into the propriety of granting the prayer of the petitioners." In re Division of Harrison Township, 5 Barr, 447; In re Conneaut Township, 6 Pittsburg Legal Journal, 121. The order of the court in this case was plainly defective in this respect. It contains no direction to the commissioners to the effect required. . . . . There is certainly no explicit direction to them to inquire and report upon the propriety of granting the prayer of the petition."

Notice should have been given to the municipal officers of the borough: Clearfield, Ind., School Dist., 29 P. F. S., 421; Wilkins Twp., Ind., School Dist., 24 P. F. S., 111; In re Division of Gettysburg, 9 Norris, 358.

*Thomas Robinson*, for defendants in error.—It is the desire of the courts to sustain pleadings in general; especially is this so in this class of cases, where opposition usually comes from those standing in the way of progress. "Whatever, from a view of all in general, may be rendered certain in particular, shall be deemed so," is a legal maxim applicable here. In 2 Binn., 250, it was held that the order to view need not state the qualifications of the viewers. "It will be presumed that the Sessions made the appointment according to law."

"Where the report is not palpably erroneous the court will not interfere upon allegation of a mistake of fact ": 6 Phila., 384.

"The Supreme Court will not set aside proceedings for an error that has done no injury ": 3 Brewster, 190.

The Act of May 14th, 1874, is silent as to notice. The notice required by the rule of court was given. The statement in the report as to the notice given is sufficient: 91 Pa. St., 260; 9 Pa. St., 69.

Mr. Justice GREEN delivered the opinion of the Court, November 1st, 1886.

4 AMERMAN—29

In the case In re. Harrison Twp., 5 Barr, 447, which was a proceeding for the erection of a new township under the Act of 15th April, 1834, we said, on p. 450, ROGERS, J., "The first duty that the commissioners have to perform is to inquire into the propriety of granting the prayer of the petitioners, whether it be a prayer for the creating a new township, or ascertaining and establishing the lines or boundaries of a township, and to report to the court their opinion of the same, that the court may take such order thereupon, as to them may appear just and reasonable.

It seems therefore, that the order of the court, which is the authority to the commissioners in the performance of their duty, should contain an explicit direction to that effect, and that the report should contain an equally explicit opinion as to the expediency or propriety of granting the prayer of the petitioners. If the proceedings be defective in either particular, it is an error for which the whole must be set aside." This was followed in a precisely similar case under the same Act, In re division of Plumb Township, 2 Norr., 73, in which it was said, SHARSWOOD, J., "It has been settled in a series of cases decided by this court upon the construction of this Act, that the order of the court appointing the commissioners, which is their authority for acting, must contain an explicit direction to them, according to the express terms of the law, "to inquire into the propriety of granting the prayer of the petitioners." Because the order in that case did not contain such a direction, the order was reversed and proceedings quashed.

The present case arises under the Act of May 14th, 1874, providing for the "dividing any boroughs into wards, of erecting one or more new wards out of parts of two or more adjoining wards, of dividing any wards already erected into two or more wards, of altering the lines of any wards or ascertaining the lines or boundaries of any ward or wards." This latter Act is practically a mere copy of the Act of 1834, relating to townships, in all its requirements as to the proceedings. It contains in identical words the direction to appoint three commissioners "to inquire into the propriety of granting the prayer of the petition." The decisions under the Act of 1834 are therefore directly pertinent in cases arising under the Act of 1874. The order to the commissioners in the case at bar contained no direction to them to inquire into the propriety of granting the prayer of the petitioners, nor any equivalent for it, and it is therefore fatally defective under the rulings in the cases cited. We think in all proceedings of this nature, directed by statute, the requirements of the statute ought to be strictly complied with. We must assume they are exacted for proper purposes, and a decent respect for the law-making

power demands a close conformity to their terms. It is no hardship upon petitioners to require them to observe the necessary formalities in their proceedings, and a very moderate degree of care on the part of the persons who prepare the papers, and conduct the business in the courts, will always suffice to prevent the embarrassment which result from a disregard of the provisions of the law in these respects.

We think also, though the Act is silent upon the subject, that proper notice of the proceedings should be directed by the court on the filing of the petition, and the character of the notice to be given should be embodied in the order. The report should certify specifically what notice was given, so that it may appear on the face of the proceeding that the order of the court has been complied with. The powers conferred by the Act are of a public and an important character, and all parties interested ought to have an opportunity to be heard, and such opportunity can best be obtained by an adequate notice so given as to reach most effectively the various parties to be affected.

Upon this subject the cases of Independent Dist. No. 8 & 9 Cas., 297, and Wilkins Township School District, 20 P. F. S., 108 are quite in point. In the first of these, which was a proceeding to form an independent school district, STRONG, J., said : " The Act does not indeed require, in express terms, that the commissioners shall give notice of the time and place, when and where they will proceed to inquire into the expediency of establishing the new municipal division. But the public interests as well as justice to individuals, so obviously require that such notice should be given, that it has always been held that the want of it is fatal to the proceedings." See also Clearfield Independent School District, 29 P. F. S., 419. In the present case it does not appear that any defined notice was ordered to be given, and the report merely certifies that one public notice was given without describing the notice or how it was given.

Decree reversed, and proceedings quashed.