## Overfield Township Road.

*Road law—Review—Rereview—Discretion of court—Practice.*

Under the road law of 1836, a review is a matter of right, provided application therefor by a person interested be made at or before the next term of court after the report upon the first view. The granting of a re-review is discretionary, and under some circumstances a new appointment of reviewers upon the original petition for review is demandable as a matter of right, if applied for promptly. Thus, where one of the reviewers did not view the road, new reviewers will be appointed on the same petition, and this will be done although no exceptions were filed to the report of the viewers. The statute does not make the right to review dependent upon the filing of exceptions to the report of viewers.

Argued Jan. 13, 1904. Appeal, No. 64, Jan. T., 1904, from order of Q. S. Wyoming Co., Road Docket, 2, p. 348, refusing to appoint new reviewers in matter of road in Overfield township. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Motion to appoint new reviewers on original petition for reviewers.

The ground for the application was that one of the reviewers had failed to view the road.

DUNHAM, P. J., filed the following opinion:

In this case there have been practically three views upon the same route, all reporting in favor of a road.

Viewers reported in favor of this road and their report was never excepted to by anyone. At the sessions of the court when this report would have been confirmed finally, had no exceptions been filed thereto, or no petition for a review presented there was presented a petition for a review, upon which the court appointed reviewers, who also reported in favor of the road.

This report of viewers was excepted to by the persons who procured the review, at the second session of court, when it came up for final confirmation, and after depositions were taken on both sides, the report of reviewers was set aside, for the reason that one of the viewers did not go over the whole of the

**6** OVERFIELD TOWNSHIP ROAD.

Opinion of Court below—Opinion of the Court. [25 Pa. Superior Ct.

route, although he was familiar with the same. He went part way and being about tired out he allowed the other two viewers to go over the balance of the route and concurred with them in their report. This left the report of viewers, having been before the court for nearly or quite a year and with no exceptions whatever filed to the same. Under these circumstances there was but one thing the court could do, and that was to confirm this report.

Now some time after this report is confirmed we are asked to strike off this confirmation of the report, and grant another view upon the petition for a review, inasmuch as we set aside the report of reviewers, because they had not properly performed their duties, and in support of this we are referred to Road in Leet Township, 159 Pa. 72. We do not think the cases are analogous. In the Leet Township Road case the report of viewers was excepted to, and the court had failed to appoint proper viewers. And it is because the court had failed to give those asking for a review, an opportunity to have a legal review that the Supreme Court found as it did. In this case, the fault is not the court's. And again in this case no exception has ever been filed to the report of viewers. Should we hold that parties were entitled to reviews until the reviewers performed their duties legally we might never get through with reviews as the persons asking for the review are opposed to the road, and they will certainly not take extra pains to see that viewers who may report adversely to them perform their duties very minutely.

Now, September 17, 1903, motion for rule to show cause why the confirmation of report of viewers be not stricken off and reviewers appointed upon former petition for a review, refused.

*Error assigned* was the order of the court.

*H. S. Harding* and *George L. Peck*, for appellant.—Our authority for the practice we claim should be followed in this case is Leet Township Road, 159 Pa. 72.

A petition being in proper form, if the view is set aside because the viewers do not comply with the requisites of the law, another view may be had upon the same petition : North Union Township Road, 150 Pa. 512.

*James W. Piatt,* for appellee, cited: Collins's Twp. Road, 36 Pa. 85; Jonestown Road, 1 P. & W. 243.

OPINION BY RICE, P. J., April 18, 1904:

Under the act of 1836 a review is a matter of right, provided application therefor by a person interested be made at or before the next term of court after the report upon the first view. The granting of a rereview is discretionary. But under some circumstances a new appointment of reviewers upon the original petition for review is demandable as a matter of right if applied for promptly. Hence, where on April 14, 1893, a report of reviewers was set aside on the ground that one of them was a petitioner for the review, and on the same day exceptions to the report of viewers were overruled and their report was confirmed and on April 29, leave was given to file a motion to set aside the order of April 14, it was held to be error to discharge the rule, granted on May 13, pursuant to said motion, to show cause why the order confirming the report of viewers should not be set aside, and why other reviewers should not be appointed on the petition previously filed: Leet Township Road, 159 Pa. 72. The grounds of the decision were thus stated by the late Chief Justice McCOLLUM: " This rule was discharged by the learned judge of the quarter sessions on the ground that the petitioners were tardy in moving for it. He seemed to think that they should have presented a new petition as soon as the report of the reviewers was excepted to, and that by their failure to do so until the exceptions were judicially passed upon they lost their right to a review. In this conclusion there was error. The petitioners were not responsible for the mistake of the court in the appointment of reviewers, nor entitled to have other reviewers appointed until the exceptions to the review were disposed of. They were not therefore in default prior to April 14. Was there any such delay on their part after that date as deprived them of their statutory right to a review? We think not. When the report of the reviewers was set aside the court should have vacated the old and made a new appointment on the petition then before it. That petition was sufficient in form and substance, and it did not cease to be an application for a review because the court failed to comply with the request of the petitioners to appoint proper persons as

reviewers. We are clearly of opinion that a delay of fifteen days before applying for leave to move to set aside the order of April 14, is not sufficient ground for refusing to do what ought to have been done without further action on the part of the petitioners."

It is attempted to distinguish that case from the case at bar upon the ground that in the latter the report was set aside because one of the reviewers did not view the road, while in the former the report of reviewers was set aside because of the mistake of the court in appointing one of the petitioners for the review as one of the reviewers. But the petitioners were no more responsible for the failure of the reviewer to do his duty in the one case than they were for the mistake of the court in the other case. Indeed, it might be argued with much plausibility that in the latter case the petitioners were in default because they did not promptly call the attention of the court to its mistake and have it corrected before the order was executed, but it cannot be argued in the former case that they had any control over the action of the reviewers or were in anyway responsible for their dereliction. The distinction, if substantial, operates in favor of the appellants rather than against them.

Great stress is laid on the fact that in the present case, in this particular differing from the case cited, no exceptions were filed to the report of viewers. But the statute does not make the right to a review dependent upon the filing of exceptions to the report of viewers. The petition for the view and all the proceedings thereon, including the action and report of the viewers may have been, and so far as we know, were entirely regular. For aught we know, the only objection appellants could have alleged against those proceedings was that the proposed road would be injurious to them and burdensome to the inhabitants of the township. Having alleged this in their petition, which was in due form and filed in time, they had a right to demand a legal review without alleging it in the form of an exception to the report of viewers and this, according to the judgment of the court which has been acquiesced in by all parties, they have not had.. Whether the result would have been the same if all of the reviewers had viewed the proposed road is pure matter of conjecture; it is sufficient to say that the petitioners were entitled to a report based on such a view, and

5, (1904).] Opinion of the Court.

that the report might have been different if they had done their duty in that regard, and that the petitioners are in nowise responsible for their default. It was upon that ground that the report was set aside. The case is not distinguishable in principle from the Leet Township case; it is therefore unnecessary to discuss the earlier cases cited by the appellee's counsel. If the report had been set aside for some irregularity which did not affect the petitioners' right, or if the petitioners had been dilatory in applying for a new appointment of reviewers a different question would be presented. We remark, with regard to Road in Moore Twp., 17 Pa. 116, that it does not appear upon what ground the report of reviewers was set aside. Therefore there is no necessary conflict between that case and the Leet Twp. case; but even if there were, the latter would control.

The order refusing the motion for a rule to show cause why the order confirming the viewers' report should not be set aside and other reviewers appointed upon the petition for review already before the court is reversed and the record remitted with a procedendo.