## Avalon Borough.

*Boroughs—Division into wards—Petition—Act of May* 14, 1874, *P. L.* 159.

A petition for the division of a borough into wards, filed under the provisions of the Act of May 14, 1874, P. L. 159, represented that the petitioners' "interests and that of the citizens and taxpayers of said borough would be promoted by a division of the borough into wards." The act gave the quarter sessions authority to divide boroughs into wards "so as to suit the convenience of the inhabitants thereof." *Held,* that the petition was sufficient to give the court jurisdiction to appoint commissioners.

A petition for a borough into wards set forth that the petitioners "do

respectfully pray the court to appoint three impartial men to inquire into the propriety and expediency of granting the prayer of the petitioners, and to report their opinion on such propriety and expediency . . . . and to retain a plot of the borough with lines and boundaries of the wards, if they recommend." *Held*, that the petition was not open to the objection that it did not pray for a division of the borough into wards.

Where commissioners appointed to divide a borough into wards report that " it is desirable and proper that the prayer of the petitioners should be granted, and that the interest of the citizens and inhabitants of the borough" will be best subserved by the division thereof into wards, according to the boundaries set forth in the report, the commissioners cannot be charged with a failure to find that the division recommended will "suit the convenience of the inhabitants."

Argued April 10, 1906.   Appeal, No. 78, April T., 1906, by A. W. McCormick et al., from order of Q. S. Allegheny Co., Sept. T., 1904, No. 32, confirming report of commissioners in the matter of the division of the Borough of Avalon into wards. Before RICE, P. J., PORTER, HENDERSON, MORRISON and HEAD, JJ.   Affirmed.

Petition for the division of the Borough of Avalon into wards. The opinion of the Superior Court states the case.

*Error assigned* was the order confirming the report of the commissioners.

*Charles P. Lang*, of *Jackson & Lang*, for appellant.—In cases of this character, directed by statute, the requirements of the statute ought to be strictly complied with.   The court will assume that they are exacted for proper purposes : Brown v. Fowzer, 114 Pa. 446 ; In re Division of Gettysburg, 90 Pa. 355 ; Lansford Borough, 141 Pa. 134 ; Lancaster County's App., 163 Pa. 259.

*Noah W. Shafer*, for appellee, cited : Lansford Borough, 141 Pa. 134.

PER CURIAM, May 14, 1906 :

1. It is objected that the petition did not set forth that the division of the borough into wards was necessary " to suit the convenience of the inhabitants thereof," but only represented

that the petitioners' "interests and that of the citizens and tax-payers of the said borough would be promoted by a division of the borough into wards." This objection was not raised until after the commissioners made their report, and at the worst is not a substantial or a jurisdictional defect. The Act of May 14, 1874, P. L. 159, under which the proceedings were had, does not declare what the petition shall contain. It simply provides, in the first section, that the several courts of quarter sessions shall have authority to divide boroughs into wards, "so as to suit the convenience of the inhabitants thereof," and in the second section, that "upon application by petition of at least twenty freeholders resident in the borough . . . . for the purpose of dividing any borough into wards, . . . . the said court shall appoint three impartial men to inquire into the propriety of granting the prayer of the petition," etc. The petition in the present case was signed by the required number of petitioners and averred substantial reasons for the division. It was sufficient to give the court jurisdiction to appoint commissioners, and to divide the borough into wards "so as to suit the convenience of the inhabitants thereof," if the subsequent proceedings were in conformity to law, and the court was convinced that the convenience of the inhabitants would be promoted thereby. The petition in In re Gettysburg, 90 Pa. 355, was in the form objected to here, and while this feature of it was not discussed, the fair inference from the decision is that such a petition was deemed sufficient to give jurisdiction.

2. After setting forth the reasons for the division into wards the petition proceeds, "and to that end they do respectfully pray the court to appoint three impartial men to inquire into the propriety and expediency of granting the prayer of the petitioners and to report their opinion on such propriety and expediency, . . . . and to return a plot of the borough with lines and boundaries of the wards if they recommend any," etc. This quotation from the petition is a conclusive answer to the objection that a division of the borough into wards was not prayed for. The petition could not be construed otherwise without resorting to hypercriticism.

3. The remaining objection urged by the appellants is that there is no finding by the commissioners that the division recommended will "suit the convenience of the inhabitants." But

· that this was the opinion of the commissioners, and that they were governed in the performance of their duties by the principles declared in Brown v. Fowzer, 114 Pa. 446, we think is necessarily implied in their report, that after inquiring into the propriety and expediency of dividing the borough into wards, and fully considering the testimony offered on both sides and the arguments of counsel, they were of opinion "that it is desirable and proper that the prayer of the petitioners should be granted, and that the interests of the citizens and inhabitants of the borough" will be best subserved by the division thereof into wards, according to the boundaries set forth in the report.

All the assignments of error are overruled and the proceedings are affirmed.