## Upper Yoder Township Road.

*Road law—Reviewers—Next term of court.*

Where a report of viewers in favor of a road has been approved, and subsequently reviewers are appointed and file a report, but their report is set aside because of the disqualification of one of the reviewers, the court will not appoint other reviewers upon the petition for review already filed where it appears that such petition had been filed more than two terms of court after the report of the original viewers had been approved.

Argued May 3, 1915. Appeal, No. 63, April T., 1915, from order of Q. S. Cambria Co., March Sessions, 1912, No. 3, refusing to appoint reviewers In re Road in Yoder Township, Cambria County. Before RICE, P. J., OR-

394, (1915).]   Assignment of Error—Opinion of the Court.

LADY, HEAD, PORTER, HENDERSON, KEPHART and TREX-
LER, JJ.  Affirmed.

Petition for appointment of reviewers.

The facts are stated in the opinion of the Superior
Court.

*Error assigned* was the order refusing to appoint re-
viewers.

*Frank P. Barnhart,* for appellants.—It has always
been held under this act that a review is a matter of
right: King's Road, 1 Dallas 11; Berlin Road, 3 Yates
263; Bachman's Road, 1 Watts 400; Hellertown Road,
5 W. & S. 203.  It is manifest that inasmuch as the ex-
ceptions to the report of the review were sustained and
the review set aside that there was in effect no review;
and that the petitioners for review were entitled to a
review as a matter of right.

It is submitted that it was encumbent upon the court
to appoint other reviewers without any action on the
part of the exceptants or the petitioners for review:
Leet Twp. Road, 159 Pa. 72; Overfield Twp. Road, 25
Pa. Superior Ct. 5.

*Harry Doerr,* for appellees, cited: Lackawanna Twp.
Road, 112 Pa. 212.

OPINION BY RICE, J., November 15, 1915:

The report of viewers in favor of the road was filed
and approved on June 5, 1912, and on January 21, 1913,
a petition for review was filed and reviewers were ap-
pointed.  The reviewers made a report which upon ex-
ceptions alleging, inter alia, the disqualification of one
of the reviewers was set aside.  The order of court as set
forth of record was: "January 20, 1914—Exceptions to
review sustained, application for re-review denied and
the original report of original viewers confirmed."  Sub-

sequently upon petition, the court granted a rule to show cause why the order confirming the viewers' report should not be set aside and other viewers appointed upon the petition for review already before the court. In the petition for this rule it was alleged that the petition for review was "presented" to the court "on the —— day of September, 1912." In the answer it was stated that this particular averment was "neither admitted nor denied" and in conclusion it was alleged that a petition for the rule did not contain sufficient averments to confer jurisdiction upon the court to make the order prayed for. No depositions were taken in support of the rule and in June, 1914, it was discharged. Thereupon the supervisors of the township who were the petitioners for the review took this appeal and have assigned for error the order of January 20, 1914, and the discharge of the rule above referred to.

It is argued that a review is matter of right and that, under the circumstances of this case, the court upon setting aside the report of reviewers should have made a new appointment of reviewers on the petition then before the court—citing Leet Township Road, 159 Pa. 72, and Overfield Township Road, 25 Pa. Superior Ct. 5. An insuperable obstacle in the way of applying the principle of those cases to the case in hand is that, judging from the record as it stood at the time this appeal was taken, the petition for review was not presented at the next term of court. The provision of Section 25 of the General Road Law of June 13, 1836, as to presentation of the petition for a review at or before the next term of court after report upon the first view is mandatory: Road in Indiana County, 51 Pa. 296; Road in Lackawanna Township, 112 Pa. 212. The appellants had sufficient notice from the answer filed by the appellees that their allegation that the petition was presented in September, 1912, was not admitted. They took no depositions to sustain the allegation of their petition nor did they move to amend. Consequently, we are bound to

presume that the record, which shows that the petition was not filed until after the intervention of one or more terms of court after the approval of the report of viewers, is correct.   Presumably, in the absence of anything to show the contrary, the petition was presented on the day that it appears to have been filed.   To meet this obvious objection counsel upon the argument of the appeal moved to have the record remitted to the Quarter Sessions for amendment.   For obvious reasons this application should not be sustained.   As already suggested, the time to move for amendment of record was when the proceedings were pending in the court below and no sufficient reason is shown for permitting the appellants to hold such application in abeyance until the appeal came on for argument.   ⚐

The assignments of error are overruled, the petition to remit the record to the court below for amendment is denied and the order appealed from is affirmed.