# Newtown Township Road.

*Road law—View—Review—Delay—Exception.*

The appointment of reviewers on a petition filed with one term intervening is too late.

Where a petition for the appointment of viewers is insufficient or erroneous in its averments, and there are irregularities in the proceedings after the appointment of viewers, objections to such errors and irregularities must be raised by exceptions to the report of viewers. They cannot be raised on exceptions to the report of reviewers appointed after a term had intervened from the report upon the original view.

*Appeals—Interlocutory order—Road law—Review.*

An order dismissing a petition to dismiss the appointment of a jury of review is an interlocutory order from which no independent appeal lies.

Argued Nov. 15, 1915. Appeals, Nos. 305, Oct. T., 1914, and No. 178, Oct. T., 1915, from decree of Q. S. Delaware Co., Dec. T., 1911, No. 1, by James P. Calvert, et al., dismissing exceptions to report of jury of review In re Vacation of a part of Church Road in Newtown Township. Before RICE, P. J., HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Reversed.

Exceptions to report of jury of review.

The facts are stated in the opinion of the Superior Court.

*Errors assigned* were: 1. Order of the court dismissing petition to dismiss the appointment of a jury of review. (305) 2. Final decree dismissing exceptions to the report of the jury of review and confirming the report. (178)

*W. Roger Fronefield,* for appellant.

*V. Gilpin Robinson,* with him *Henry Pleasants, Jr.,* for appellee.

OPINION BY KEPHART, J., March 1, 1916:

The report of the jury of view signed by two of the jurors, one having died in the meantime, was filed December 28, 1912. This report was in favor of the vacation of the section of the highway in Newtown Township. Exceptions were filed to this report February 17, 1913, which on June 25, 1913, were dismissed and the report confirmed. At the same time, on petition, the court appointed reviewers, March term, intervening between the day of filing the report and the appointment of the reviewers. The court was without power to entertain the petition for the appointment of reviewers, or to confirm their report. The learned judge so held as his opinion states: "As a proposition of law, this contention cannot otherwise than be sustained. The 25th section of the Act of June 13, 1836, P. L. 559; Stewart's Purdon, Vol. IV, page 4231, P. L. 88, requires the petition for review to be filed 'at or before the next term of the said court after the report upon the first view.' This is mandatory. Road in Indiana Co., 51 Pa. 296; and this notwithstanding exceptions to the report of the view are pending, Franconia Township Road, 78 Pa. 316; and orders nunc pro tunc will not avail to avoid the statute: Road in Lackawanna, 112 Pa. 212." This court recently held under similar circumstances in an opinion by President Judge RICE, In re Road in Yoder Township, 61 Superior Ct. 394, that the appointment of reviewers on a petition filed with one term intervening was too late.

But the court below found exceptional matters in behalf of its decree, which the appellee urges should be sufficient to prevent the operation of the statute; in that the report of the jury of view was based on an erroneous idea of the facts and the exceptions to that view were dismissed under a misconception of the questions there involved. These questions raised by the exceptions were

failure to designate in the original petition the character of the road to be vacated, that a juror died before the meeting of the jurors were concluded, and a failure to designate the termini, together with the misstatement of fact above noted. When the attention of the court on June 25, 1913, was again called to the exceptions with a statement of the questions involved, the petition for review was presented. The court in its opinion says: "We then understood that if the court dismissed the exceptions to the report as to the Newtown section and appointed a jury of review, and also appointed a jury of view on the Radnor section (being the other part of this highway in Radnor Township) the proceedings would go forward. While counsel did not agree to waive any rights of the parties, yet it was our understanding that the action of the court was to have the effect to dispense with all objections to prior proceedings." Counsel for the petitioner died before this matter was finally concluded and the court says "if he joined in an arrangement by which his exceptions were to be dismissed in return for the entertainment of his petition for a review, we think the litigation should go forward on this basis." On October 18, 1913, a petition to quash the entire proceedings for the reasons assigned in the exceptions was presented but the court being of the opinion that the agreement of counsel should control denied this request. Notwithstanding the merit of this situation it cannot prevail against the operation of the mandatory language of the act of assembly particularly where one of counsel urges that no agreement exists.

The report of the jury of view having been confirmed if the matters alleged in the petition to quash raised questions of fact, of course, this petition would have been properly refused as said in Crescent Township Road, 18 Pa. Superior Ct. 160: "No irregularity in the proceedings which did not go to the jurisdiction of the court to make the decree, or present upon the face of the order to open the road an insuperable barrier to its execution

can now be considered": Cassville Borough Road, 4 Pa.
Superior Ct. 511.   If the allegations were apparent on
the face of the record the court could quash the entire
proceedings though after the term at which they were
confirmed: Crescent Township Road, 18 Pa. Superior
Ct. 160.  It is apparent from the proceedings instituted
in Radnor Township in connection with the same road,
and the state of the record in the present proceeding in
Newton Township, that the court below was making an
effort to harmonize the matter so that a jury could in-
telligently report on the entire road.   If the court was
led into error by an arrangement of counsel which is
now disavowed and was induced by the circumstances
here stated to sign a decree which otherwise would not
have been signed, the court where no intervening rights
have appeared and no one may be injured has an inherent
power to correct any abuse which may flow from such
action.   As was stated by Mr. Justice WILLIAMS In re
County Bridge, Nescopeck Township, 120 Pa. 288: "The
contention of the plaintiff in error is that the court had
no power to make the order vacating or striking off the
approval of the report.   He argues that the endorsement
of the approval of the court was a judgment rendered
by the Quarter Sessions, and that the power of the court
over it ended with the term in which it was entered.
......We have considered this question from the stand-
point of the plaintiff in error......It may well be doubt-
ed whether orders of approval and confirmation made
in the routine work of the sessions, without notice to the
parties to be affected thereby, ought to be regarded as
having the same degree of solemnity as judgments reg-
ularly entered after notice or on warrant of attorney."
In that case the order approving the report was set
aside after the lapse of many years.   As the matter
will now stand the section of the road in Radnor Town-
ship is open for travel and the section of the road in
Newtown Township is closed, a condition which as the
court below says it was not the intention to create; but

this court cannot vacate an order dismissing the exceptions or give the relief urged by appellee as this appeal and the assignments of error before us are based on·the action of the court on the petition for review. We sustain the first and second assignments of error. The decree confirming the report of reviewers is reversed without prejudice. The appeal to No. 305, October Term, 1914, being from an interlocutory order is quashed at the cost of the appellants.