## Farrell Borough Division.

*Boroughs—Division into wards—Practice, Q. S.—Amendment.*

Where three commissioners appointed by the Quarter Sessions
reported in favor of dividing a borough into wards, but in their
report, in describing the boundaries in connection with a map, fail
to include a portion of the borough, and the court confirms the
report, the court may subsequently, on the application of the three
commissioners, open the decree confirming the report so as to
permit the correction of the manifest error appearing upon the
face of the record, and the subsequent order of the court, confirm-
ing the supplemental report, will not be reversed by the appellate
court.

Argued April 13, 1917.    Appeal, No. 94, April T.,
1917, by Myer Nathan et al., from order ,of Q. S. Mercer
Co., Oct. T., 1915, No. 50, confirming report of commis-
sioners In re Division of the Borough of Farrell into
wards.    Before ORLADY, P. J., PORTER, HENDERSON,
HEAD, KEPHART, TREXLER and WILLIAMS, JJ.    Affirmed.

Petition to divide a borough into wards. .Before MC-
LAUGHRY, P. J.

The facts are stated in the opinion of the Superior
Court.

The petition of the commissioners filed on August 14,
1916, was as follows:

The undersigned, who were appointed by this honor-
able court, at the above number and term, to inquire
into the propriety of dividing the Borough of Farrell into

wards, having discovered that there is a misdescription in the boundaries of said borough and wards, in the report as filed by the commissioners, and that said report does not as clearly and correctly set forth the lines or boundaries as found and decided upon by the commissioners as should be the western borough line not being exactly located.

The decision of the commissioners was, to recommend to your honorable court in the report, to divide the said borough into five wards by lines running through Union street from east limits to west limits, by a line running through Wallis avenue, from north limits to Bond street, by a line running through Bond street from east limits to west limits.

The decision or finding, being reduced to writing was not clearly and correctly stated in said report, although the intention of the commissioners is very apparent from the description given. The commissioners have prepared a description of the boundaries, which more clearly and correctly, sets forth the finding and recommendation which they reached, made and, with the permission of the court, will file the same in lieu of the descriptions set forth in their report.

The court made the following order:

And now August 14, 1916, the within petition being presented in open court the corrected description of wards is received and permitted to be filed in lieu of description set forth in original report and same is hereby confirmed.

*Error assigned* was the order of the court as above, quoting it.

*Francis M. Flynn,* for appellant.

*J. P. Whitla,* with him *Thos. H. Armstrong,* for appellee.

OPINION BY WILLIAMS, J., July 13, 1917:

November 30, 1915, a petition was presented to the Court of Quarter Sessions, signed by 118 freeholders of the Borough of Farrell, asking that the borough be divided into wards. The same day the court appointed three commissioners and directed that "after giving due notice to the inhabitants of the said borough, of the time and place of meeting by at least ten days' previous notice by advertisement in two newspapers published in said county,......the said commissioners having been duly sworn or affirmed to perform their duties......, are to inquire into the propriety and necessity of dividing the said Borough of Farrell into wards as prayed for in said petition, and they......are to report to this court at the next term thereof, according to such boundaries as they, ......may think most advisable, together with their opinion,......with a plot or draft of the borough proposed to be divided and the division line or lines proposed to be made therein."

January 17, 1916, the commissioners reported that after they were duly qualified according to law they gave notice by advertisement in the daily newspapers; that on the 15 of December, 1915, a meeting was held, attended by many citizens and their counsel; that two other meetings were held under the same conditions; that, after due deliberation, the commissioners were of opinion that there was propriety and necessity for the division of the said Borough of Farrell into five wards, describing the boundaries in connection with a map, which boundaries, as subsequently appeared, did not include part of the borough lying west of Broadway, where there were no dwellings, the space being taken up by railroads and factories.

April 15, 1916, an exception was filed that the commission erred in so finding. No petition for review under the second clause of the third section of Art. III, Chapter 3 of the Borough Act of 1915, was filed.

July 28, 1916, the court dismissed the exception be-

cause it was in violation of a rule of court which required specific allegations of error, and a statement of the grounds of complaint; and confirmed the report. Whether or not this was correct is immaterial, as it is not assigned as error. August 14, 1916, the commissioners filed a supplemental description of the boundaries of the wards, which was confirmed on the same day by the court.

The error assigned is the action of the court in permitting the supplemental description to be filed, and in confirming it.

In statutory proceedings an appeal operates as a certiorari only, unless an appeal is expressly given on the merits. The record shows that every requirement of the statutes, and the courts in construing the statutes, has been complied with: Division of Gettysburg, 90 Pa. 355; Brown v. Fowzer, 114 Pa. 446.

Did the court err in permitting the amended report to be filed and in confirming it?

In the report of the Division of Gettysburg, supra, construing the Act of May 14, 1874, P. L. 159 (of which Chapter 3, Article III, of the Borough Act of May 14, 1915, P. L. 312, is a substantial reënactment) the facts as stated are that "on the 16th of August, 1878, without any order of court, or authority, and after the duties of the commissioners had ceased, and their order had been expended and returned, they filed, in the office of the clerk of the Court of Quarter Sessions, a supplemental report, with a plot changing the boundaries of the wards proposed. On the 23d of December, 1878, the court made the following order and decree, endorsed on the original report. 'Exceptions dismissed and report confirmed absolute.'" In disposing of the objection to this action, STERRETT, J., said (359) : "There is no merit in the exception that the final confirmation was endorsed on the first report. The amended as well as the supplemental report and corrected plot are to be considered as forming part of the first and only report of the commissioners,

which, as thus amended and corrected, was approved by the court. There is no such irregularity as calls for setting aside the proceedings." In that case, it will be noted, the report of the commissioners had not been finally confirmed when the supplemental report and draft were filed. In the present case, however, there was a final confirmation and a subsequent petition upon the part of the former commissioners to have it amended so as to correctly express the true intent and purpose of their report. This petition had the effect of a prayer to the court by three citizens for the opening of the decree confirming the report to correct a manifest error appearing upon the face of the record. The power of the court to open up the proceeding to correct or consider the effect of such an error cannot be questioned, even at a subsequent term of court: In re County Bridge, Nescopeck Township, 120 Pa. 288; Newtown Township Road, 62 Pa. Superior Ct. 519. The proceeding, once opened, presents no features differentiating the court's action from that taken in the Gettysburg case.

The impracticability of any other disposition of the case will appear when it is considered that the order of July 28, 1916, is not assigned as error and we can make no order affecting it. We cannot order the whole proceeding reopened, yet any other disposition of the case will leave the borough only partly divided or abortively divided.

The decree is affirmed.

ORLADY, P. J., and PORTER, J., dissent.